### In re ATCHISON et al.

#### In re SHEHEE.

(District Court, S. D. Florida. November 24, 1922.)

##### Nos. 1723 and 219 K. W.

1. **Contempt ⬗30—Power to punish for willful violation of order inherent in court.**

   The power to punish for the willful violation of an order duly and properly made is inherent in the courts independent of legislation.

2. **Constitutional law ⬗56—Powers of inferior federal courts cannot be abridged or taken away by Congress.**

   Under Const. art. 3, § 1, providing that the judicial power of the United States shall be vested in one Supreme Court, and "in such inferior courts as the Congress may from time to time ordain and establish," and section 2, as to extent of the judicial power, the inferior courts, when so ordained and established, are not the creatures of Congress subject to have their inherent rights abridged or taken away by Congress.

3. **Constitutional law ⬗55—Monopolies ⬗24(2)—Clayton act held unconstitutional in giving jury trial to persons charged with contempt.**

   Under Const. art. 3, §§ 1, 2, as to the judicial power, that portion of the Clayton Act, §§ 21, 22 (Comp. St. §§ 1245a, 1245b), giving a jury trial to persons charged with contempt in violating an injunctional order of the federal District Court, *held* unconstitutional.

In Equity. Rule to show cause against Burrell Atchison and another and also against L. H. Shehee. On government's objection to trial of issue of contempt by jury. Jury trial denied.

Maynard Ramsey, Asst. U. S. Atty., and Robert H. Anderson, both of Jacksonville, Fla., for the United States.

J. Vining Harris, of Key West, Fla., for respondents.

CALL, District Judge. On August 31st a rule to show cause was issued in case No. 1723, returnable the first Monday in December at Key West, and on September 5th a similar rule was issued in case No. 219 K. W.

On October 30th answers were filed by each of the defendants, wherein they admit being members of the organizations enjoined by the order of this court entered July 24th, and that each had had notice of such order. Each denies that he did the acts complained of in the affidavits upon which the rules were issued, and each demands a jury trial if the court does not find that their said answers are sufficient to purge them of contempt.

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The court having considered that said answers were not sufficient, but made an issue of fact to be decided upon the hearing of testimony, the government objected to the trial of such issue by a jury, and this question was argued and submitted to the court.

Sections 21 and 22 of the Clayton Act (Comp. St. §§ 1245a, 1245b) are the sections relied upon by the respondents in their demand for a jury trial.

Sections 21 and 22 of the Clayton Act being as follows:

"Sec. 21. That any person who shall willfully disobey any lawful writ, process, order, rule, decree, or command of any District Court of the United States or any court of the District of Columbia by doing any act or thing therein, or thereby forbidden to be done by him, if the act or thing so done by him be of such character as to constitute also a criminal offense under any statute of the United States, or under the laws of any state in which the act was committed, shall be proceeded against for his said contempt as hereinafter provided.

"Sec. 22. That whenever it shall be made to appear to any District Court or judge thereof, or to any judge therein sitting, by the return of a proper officer on lawful process, or upon the affidavit of some credible person, or by information filed by any district attorney, that there is reasonable ground to believe that any person has been guilty of such contempt, the court or judge thereof, or any judge therein sitting, may issue a rule requiring the said person so charged to show cause upon a day certain why he should not be punished therefor, which rule, together with a copy of the affidavit or information, shall be served upon the person charged, with sufficient promptness to enable him to prepare for and make return to the order at the time fixed therein. If upon or by such return, in the judgment of the court, the alleged contempt be not sufficiently purged, a trial shall be directed at a time and place fixed by the court: Provided, however, that if the accused, being a natural person, fail or refuse to make return to the rule to show cause, an attachment may issue against his person to compel an answer, and in case of his continued failure or refusal, or if for any reason it be impracticable to dispose of the matter on the return day, he may be required to give reasonable bail for his attendance at the trial and his submission to the final judgment of the court. Where the accused is a body corporate, an attachment for the sequestration of its property may be issued upon like refusal or failure to answer.

"In all cases within the purview of this act such trial may be by the court, or, upon demand of the accused, by a jury; in which latter event the court may impanel a jury from the jurors then in attendance, or the court or the judge thereof in chambers may cause a sufficient number of jurors to be selected and summoned, as provided by law, to attend at the time and place of trial, at which time a jury shall be selected and impaneled as upon a trial for misdemeanor; and such trial shall conform, as near as may be, to the practice in criminal cases prosecuted by indictment or upon information.

"If the accused be found guilty, judgment shall be entered accordingly, prescribing the punishment, either by fine or imprisonment, or both, in the discretion of the court."

The position of the government is that Congress transcended its powers in attempting to provide for a jury trial in cases of contempt, for the willful disobedience of a court order.

The government contends that under our system of government established by the Constitution each department, the legislative, the executive, and the judicial, are separate from and independent of each other, and their legitimate provinces may not be invaded by the others.

That the power to punish for contempt is inherent in the courts,

and being so inherent, it is essential to and inseparable and inalienable from them.

That this power exists independent of legislation cannot be taken away by legislation or abridged.

That the Clayton Act, in so far as it undertakes to give one charged with contempt of court by a willful violation of an injunction duly issued by the court, a right of trial by a jury, so abridges the inherent power of the court to punish for such contempt that it materially impairs it and in such respect is nugatory.

The Constitution of the United States divides the government into legislative, executive, and judicial, and prescribes the powers and duties of each of these departments.

[1] Is the power of the courts to punish for the willful violation of an order duly and properly made inherent in the court, or is it dependent upon legislation?

It can scarcely be questioned in this day that such power is inherent in the courts. 4· Blackstone's Commentaries; U. S. v. Hudson, 7 Cranch, 32, 3 L. Ed. 259; Ex parte Robinson, 19 Wall. 505, 22 L. Ed. 205; Ex parte Terry, 128 U. S. 289, 9 Sup. Ct. 77, 32 L. Ed. 405; and many cases from the state reports.

Mr. Justice Brewer, in Re Debs, 158 U. S. 594, 15 Sup. Ct. 900, 39 L. Ed. 1092, says:

"But the power of a court to make an order carries with it the equal power to punish for a disobedience of that order, and the inquiry as to the question of disobedience has been, from time immemorial, the special function of the court. And this is no technical rule. In order that a court may compel obedience to its orders, it must have the right to inquire whether there has been any disobedience thereof. To submit the question of disobedience to another tribunal, be it a jury or another court, would operate to deprive the proceeding of half its efficiency."

In Ex parte Robinson, supra, Mr. Justice Field used language which might and probably would be construed that Congress could limit this inherent power to punish for contempt; but this particular language could not apply to the case being considered, and the court recognized the inherent power in the court in that particular case.

[2] Section 1, art. 3, of the Constitution, is as follows:

"The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish."

Section 2:

"The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority," etc.

The language used by Mr. Justice Story in Martin v. Hunter's Lessees, 1 Wheat. 331, 4 L. Ed. 97, discussing this third article, seems to me to set at rest any question that the inferior courts to be ordained and established were the creatures of Congress subject to have the rights of such courts inherent, when so ordained and established, abridged, or taken away.

The question of the power of the legislative branch, to vest in a jury the right to try and decide the question whether a contempt has been committed, has arisen and been denied in a number of states. Arnold v. Commonwealth, 80 Ky. 300, 44 Am. Rep. 480; Carter v. Commonwealth, 96 Va. 791, 32 S. E. 780, 45 L. R. A. 310; Smith v. Speed, 11 Okl. 95, 66 Pac. 511, 55 L. R. A. 402.

[3] I am of opinion that that portion of the Clayton Act giving a jury trial to persons charged with contempt in violating the injunctional order of this court is of no force even in cases which fall strictly under said act.

In the instant case it is extremely doubtful if these are cases falling under said act.

These parties were not employees of the railroad at the time of the issuance of the injunction. The relation of employer and employee had been severed, and no longer existed, by the withdrawal of such parties from the employment theretofore existing.

There is a very full discussion of this question in the case of Canoe Creek Coal Co. v. Christinsen et al., 281 Fed. 559, in which Judge Evans, District Judge, reached the conclusion that the parties were not entitled to a jury trial for the reason that it was not a question arising between employer and employee, and his conclusions seem justified.

For the reasons above outlined, the prayer in the answers for a jury trial will be denied.

It will be so ordered.