## Richardson v. Commonwealth.

(Decided January 11, 1911.)

## Appeal from Greenup Circuit Court.

1. Contempt of Court—Punishment—Right of Jury Trial.—The Legislature may properly prescribe that the defendant shall have a trial by jury where a greater punishment is inflicted than indicated in the statute. While it is true there was no such limitation at common law, it is within the legislative discretion to allow a trial by jury in such matters.

2. Same.—The court may require obedience to its orders, and where the defendant refuses to do something which he may do and purge himself of contempt, the court may properly commit him to jail for his contumacy until he obeys the order of the court. This is not to punish him for what he has done, but for what he is doing.

H. R. DYSARD for appellant.

JAMES BREATHITT, Attorney General, T. B. M'GREGOR, Assistant Attorney General, R. D. WILSON, J. B. WILHOIT, W. T. COLE, and A. S. COOPER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

Upon the petition of the Commonwealth of Kentucky by the Attorney General, John Richardson was enjoined in the Greenup circuit court from maintaining a common nuisance by selling spirituous, vinous and malt liquors on certain premises in his possession, and suffering

crowds of dissolute people to assemble there. At the next term a rule was obtained against him to show cause why he should not be punished for contempt in disobeying the order of injunction. The rule coming on for hearing he was adjudged by the court guilty of contempt, and his punishment fixed at imprisonment in jail for thirty days, and a fine of $100.00 without the intervention of a jury. From this judgment he appeals.

Section 1291 Ky. St. provides:

"A court shall not, for contempt, impose upon the offender a fine exceeding thirty dollars, or imprison him exceeding thirty hours, without the intervention of a jury."

In Arnold v. Com., 80 Ky. 302, the court in discussing the power to punish for contempt, said:

"The right to punish for contempt, without the intervention of a jury, was recognized, and is fully established by the rule of the common law, and when the exercise of the power is admitted, the fact that a jury may be called in to aid the court in determining the quantum of punishment to be inflicted is in no manner objectionable. While the right to punish is with the court, we are not prepared to say that it is not subject in some degree to legislative control; but, on the contrary, we are inclined to adjudge that a mere arbitrary discretion on the part of the judge may be limited; but an attempt by legislation to deprive the courts of the inherent power of protection against assaults and indignities would be disregarded."

In Underhill v. Murphy, 117 Ky. 647, the court again said:

"The power of a court to punish for contempt is as old as the common law, and inherent in every court. The punishment for contempt would relate only to acts done after the injunction was granted, in disobedience of it: and even in this proceeding the defendants are protected as to a jury trial by section 1291 Ky. St."

In French v. Com. 97 S. W. 433, the court further said:

"We have in this State no statute defining contempt. There is a statute limiting the power of the court as to the infliction of punishment for contempt, but, if in the opinion of the court the contempt is one demanding greater punishment than lies in its power to inflict, it may have a jury to hear the truth of the matter, and

leave it to them to inflict such punishment as they may deem commensurate with the offense.''

We adhere to the rule thus laid down. The Legislature may properly prescribe that the defendant shall have a trial by jury where a greater punishment is inflicted than indicated in the statute. While it is true there was no such limitation upon the power of the court at common law, it is within the legislative discretion to allow a trial by jury in such matters. Rebhan v. Fuhrman, 21 R. 17, was unlike this case. There the defendant was guilty of a continuing contempt. He could purge himself of the contempt by obeying the order of the court. He stood committed only until he obeyed the order of the court. In this case the defendant is fined and imprisoned for a past offense. The court may properly require obedience to its orders, and where the defendant refuses to do something which he may do and purge himself of the contempt, the court may properly commit him to jail for his contumacy until he obeys the order of the court. This is not to punish him for what he has done, but for what he is doing.

The court should have followed the statute, and should have called a jury to try the defendant and fix his punishment.

Judgment reversed and cause remanded for further proceedings consistent herewith.