## Jones v. Commonwealth.

(Decided December 2, 1927.)

## Appeal from Whitley Circuit Court.

1. Injuncton.—Plaintiff is required to execute bond before injunction only with reference to restraining orders and temporary injunctions, and bond for injunction granted on final hearing need not be executed.

2. Trial.—Though Civil Code of Practice, sec. 552, subsec. 2, requires proof upon issues of fact arising on pleading in equitable actions to be made by depostions, parties may agree to use affidavits of witnesses as depositions.

3. Trial.—Where, on final hearing in injunction suit, both plaintiff and defendant filed affidavits, intending them to be used as depositions of respective witnesses, the parties tacitly agreed to use affidavits as depositions under Civll Code of Practice, sec. 552, subsec. 2, and defendant could not complain that affidavits were read and considered on final submission of case.

4. Physicians and Surgeons.—Judgment permanently enjoining defendant from practicing dentistry without license under Ky. Stats., sec. 2636-3, does not prevent employment as dentist's helper and attendant to do laboratory work, collect accounts, make appointments, and fulfill other duties not falling within term "practicing dentistry" under section 2636-11.

STEPHENS & STEELY for appellant.

FRED FORCHT, B. B. SNYDER and FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

By this equity action, filed in the Whitley circuit court, it was sought to enjoin the appellant, James Jones, from practicing dentistry in this commonwealth; it being alleged that he had failed to obtain a license so to do as required by section 2636-3, Kentucky Statutes.

On final hearing, a judgment was rendered granting the relief sought in the petition.

It is admitted that appellant, prior to the filing of the petition, had been holding himself out as a regular practicing dentist, and had been practicing dentistry without first having obtained the required license.

A reversal of the judgment is sought because the injunction was granted without any bond having been executed and because affidavits were read and considered on the final submission of the case. The Code does not require the execution of bond when the injunction is granted on final hearing. The Code provisions requiring the plaintiff to execute bond before an injunction is granted are applicable only to restraining orders and temporary injunctions. City of Lancaster v. Pope, 156 Ky. 1, 160 S. W. 509, Ann. Cas. 1915C, 752.

Section 552, subsec. 2, of the Civil Code, provides that the proof upon any issue of fact which arises upon the pleading in an equitable action must be made by depositions, but there is no prohibition against using the affidavits of witnesses as their depositions by agreement of the parties. Rallihan v. Motschmann, 179 Ky. 180, 200 S. W. 358; Goff v. Renick, 156 Ky. 588, 161 S. W. 983.

In the instant case there was at least a tacit agreement that the affidavits might be read and considered by the court upon the final hearing. No temporary injunction had been asked for, and both plaintiff and defendant filed a number of affidavits clearly expecting and intending that they be read and considered by the court as the depositions of the respective witnesses. Over the objection of appellee, an affidavit offered by appellant, was filed on the day the case was finally submitted, and he insisted that it be considered on the final hearing, when the only question before the court was whether or not a permanent injunction should be granted.

Before the case was submitted, the appellant filed his own affidavit, in which he stated that after learning he could not practice dentistry without having obtained a license so to do, he turned over his office and all his equipment to a regularly licensed dentist, and that he had been employed by this dentist as a helper and attendant to do certain laboratory work, collect accounts, make appointments with patients, and to do other things about the office not falling within the term "practicing dentistry," as defined in section 2636-11 of the Kentucky Stat-

utes. Appellant's apprehension that under the judgment he will be prevented from performing acts not enumerated in the section of the statute defining dentistry is groundless.

The judgment is abundantly supported by the pleadings and proof, and is accordingly affirmed.