## Jones v. Kentucky State Board of Dental Examiners.

June 12, 1942.

Kennedy & Kennedy and Wesley & Son for appellant.

William Hays and John S. Cooper for appellee.

Opinion of the Court by Judge Fulton—Reversing.

The Kentucky State Board of Dental Examiners filed this action against appellant to enjoin him from practicing dentistry in this state on the ground that he had obtained no license from the Board as required by Section 2636-3 of the Kentucky Statutes.

Appellant, in bar of appellee's right to maintain the action, pleaded that in an action filed against him by appellee in the Whitley Circuit Court a judgment was rendered on February 7, 1927, enjoining him from practicing dentistry in Whitley County on the ground that he had obtained no license and that this judgment was amended by a nunc pro tunc order duly entered in the year 1934 to enjoin him from practicing anywhere in the state. The chancellor sustained a demurrer to this plea of res adjudicata and, appellant failing to plead further, granted the injunction.

For reversal of the judgment it is contended, first, that error was committed in overruling appellant's demurrer to the petition. It is argued that since the statute prohibiting the practice of dentistry without a license provides a substantial penalty for its violation, the appellee had an adequate remedy at law and therefore was not entitled to injunctive relief. However, since the appellant pleads the former judgment enjoining him from practicing dentistry in the state as res adjudicata, and since we have concluded that this was a good plea, it is obviously unnecessary to discuss or determine this question.

The only question left for consideration is as to the correctness of the chancellor's action in sustaining the demurrer to the plea of res adjudicata. Clearly, this was a good plea. The judgment rendered in the former action between the same parties granted to appellee the identical relief sought in the present action and is still in full force and effect. Since appellee may resort to contempt proceedings for violation of that judgment by

appellant, which is all that could be done under the judgment appealed from, the rendition of the latter judgment was clearly superfluous and erroneous. Where an injunction is in force in one court a second injunction in that or another court will be refused. 32 C. J. 74.

Appellee argues that the former judgment has no present validity because it was rendered while the Act of 1912, c. 95, relating to the practice of dentistry was in force and that Act has since been amended and repealed by Acts of 1932, 1936 and 1938. This position is clearly untenable. The Act of 1912, in force when the former judgment was rendered, created the Kentucky State Board of Dental Examiners and provided that no person should practice dentistry in this state without obtaining a license from the Board. These were the only provisions of the Act of 1912 having any application to the action in which the former judgment was rendered. Chapter 34 of the Acts of 1932 and Chapter 89 of the Acts of 1936 merely amended the Act of 1912, continuing the existence of the same board and requiring a license from that Board as a prerequisite to practicing dentistry. Chapter 148 of the Acts of 1938 repealed, amended and re-enacted the Act of 1932, which was designated as Section 2636 of the Kentucky Statutes with its twenty-three subdivisions, but the provisions applicable to the controversy before us, those as to obtaining license, were identically the same as in all previous acts. The amendatory acts of 1932 and 1936 and the repealing and re-enacting Act of 1938 merely continued in effect the provisions of the original act. It is the rule in this, as well as in most other jurisdictions, that the repeal and simultaneous re-enactment of substantially the same statutory provisions is construed as a continuation of the original provisions and not as an implied repeal thereof. Grieb et al. v. National Bank of Kentucky's Receiver, 252 Ky. 753, 68 S. W. (2d) 21; 59 C. J. 929. Consequently, the provisions of the original act requiring a license issued by the Board as a prerequisite to practicing dentistry, in effect when the former judgment was rendered, were merely continued in effect by the later acts. The former judgment is therefore as efficacious to prevent appellant from practicing dentistry as the judgment appealed from. This being true, the former judgment is res adjudicata and the chancellor was in error in sustaining demurrer to the answer setting up that plea.

Judgment reversed with directions to overrule the demurrer to the answer and for further proceedings consistent with this opinion.

Whole court sitting.