## Jones v. Commonwealth et al.

June 22, 1948.

Rehearing denied October 29, 1948.

234

H. C. Kennedy and L. O. Siler for appellant

A. E. Funk, Attorney General, W. Owen Keller, Assistant Attorney General, Coleman Covington, Ben B. Fowler, R. Vincent Goodlett and Hazelrigg & Cox for appellees.

OPINION OF THE COURT BY JUDGE KNIGHT—Reversing.

This is the fourth time appellant has been before this court in connection with his right to practice dentistry without being licensed to do so. On February 7, 1927, appellant was enjoined from practicing dentistry in Whitley County, Ky. The validity of that injunction was upheld by this court in Jones v. Commonwealth, 222 Ky. 173, 300 S. W. 346. In May 1934, that judgment was amended by a nunc pro tunc order, duly entered, to enjoin appellant from practicing dentistry anywhere in Kentucky. The validity of that order was sustained in Jones v. Kentucky State Board of Dental Examiners, 291 Ky. 136, 163 S. W. 2d 297. In Commonwealth v. Jones, 297 Ky. 534, 180 S. W. 2d 558, this court upheld the reinstatement of a second of two indictments which had been filed away after appellant had pleaded guilty to the first one, both for practicing dentistry without a license.

The instant case started when on June 11, 1947, a rule was issued against appellant returnable September 29, 1947, at Williamsburg, Ky. to show cause why he should not be punished for contempt of court for violating the injunction of the Whitley Circuit Court issued on February 7, 1927, above referred to. After a hearing on October 17, 1947, appellant was adjudged guilty of contempt and his punishment fixed at a fine of $500. From that judgment, he prosecutes this appeal.

## Grounds of Appeal.

I.  Appellant contends that the demurrer which he filed to the show cause rule issued against him on June 11, 1947, should have been sustained.  He contends that at the time the original injunction was issued in 1927, the punishment which could have been inflicted for practicing dentistry without a license was a fine of not less than $5 nor more than $20 which this court indicated in the case of Kentucky State Board of Dental Examiners v. Payne, 213 Ky. 382, 281 S. W. 188, was not a sufficient deterrent to prevent violation but which this court said was sufficient reason, among others, for upholding an injunction in that case which was decided May 5, 1926. Appellant contends that since that time the legislature has greatly increased this penalty by providing fines up to $500 and imprisonment not exceeding six months or both for practicing dentistry without a license and that since this now provides a sufficient deterrent and an adequate remedy at law, injunctive relief should no longer be sought or permitted to be sought.

We think this contention is without merit.  Assuming that there might be ground for such argument if this were a new case being brought now and an injunction were now being sought to prevent violation, it falls when we realize that the present action was brought to punish for contempt for violation of an injunction issued nearly twenty years ago and in effect since that time. The question before us is whether or not appellant has violated a binding injunction of a court, not what other remedy might be used against him for a subsequent violation of the law.

Nor do we think the rule was demurrable because, as contended by appellant, it did not set forth the particulars of the alleged violation or state when or where and in what manner appellant violated the injunction. He relies principally upon the case of French v. Commonwealth, 97 S. W. 427, 430, 30 Ky. Law Rep. 98, in which it was said: "It is not necessary that the rule should conform to the formalities of pleading as required where prosecution is proceeding by indictment, but only that the rule, as well as the information upon which it is based, should specifically state the facts constituting the contempt charged."

Other cases cited and relied on in this connection are Adams v. Gardner, Judge, 176 Ky. 252, 195 S. W. 412, and Melton v. Commonwealth, 160 Ky. 642, 170 S. W. 37, L. R. A. 1915B, 689. All of these cases involved criminal contempt and in our opinion they are not applicable here. It is conceded by appellee that if a proceeding for a criminal contempt had been instituted against appellant, any rule issued against him thereunder must be complete in itself since only from the rule could the accused determine the offense charged against him and prepare for his defense. But appellee contends that no criminal contempt is involved in this case only a civil contempt under section 286 of the Civil Code of Practice, and that only compliance therewith was necessary. The record shows there was filed with the notice and motion of the Commonwealth to re-docket and for a show cause rule, two affidavits which, if true, showed a violation of the injunction. On the rule itself appellant's attorney accepted notice of the rule which was not returnable until three months after its issuance and was not actually heard until four months thereafter. We hold therefore, that all the requirements of section 286 of the Civil Code of Practice were complied with and that the show cause rule issued against appellant was not demurrable. Wolf v. Cumberland Coach Corp. 297 Ky. 704, 181 S. W. 2d 51.

II. The main ground relied on by appellant for reversal is that the lower court erred in holding appellant guilty of contempt and fixing his punishment at $500 without intervention of a jury. It is his contention that the court's power to punish for contempt is limited by KRS 432.260 which provides as follows: "A court shall not impose a fine of more than thirty dollars, or imprison for more than thirty hours for contempt without the intervention of a jury."

It is appellee's contention that KRS 432.260 applies only to criminal contempts and that since the violation involved here is a civil contempt, it has no application and the lower court is not limited by its provisions but may fix a fine of any reasonable sum and imprisonment for any reasonable time. Appellant contends that there is or should be no distinction between civil and criminal contempts but if there is such difference, the statute

being construed makes no distinction and is equally applicable to contempts, whether civil or criminal.

The distinction between civil and criminal contempts appears to be well settled in this jurisdiction and the difference was very well stated in the old case of Wages v. Commonwealth, 13 Ky. Law Rep. 925, decided in 1892, in which it was said: "Civil contempts are those quasi contempts which consist in failure to do something which the contemnor is ordered by the court to do for the benefit or advantage of another party to the proceeding before the court, while criminal contempts are all acts in disrespect of the court or its process which obstruct the administration of justice, or tend to bring the court into disrepute."

The above definition of contempt from the Wages case was quoted with approval in the later cases of French v. Commonwealth, 97 S. W. 427, 30 Ky. Law Rep. 98; Gordon v. Commonwealth, 141 Ky. 461, 133 S. W. 206; and the very recent case of Tabor v. Commonwealth ex rel Peterson, 303 Ky. 810, 199 S. W. 2d 613.

We think the original injunction issued against appellant in 1927 was "something which the contemnor was ordered by the court to do for the benefit of another party to the proceeding before the court" within the meaning of the above quotation from the Wages case supra. The "other party to the proceedings" was the Commonwealth of Kentucky acting in behalf of one of the arms of its government, the Board of Dental Examiners, and in furtherance of a wholesome public policy for the protection of its citizens. The purpose of the statute which forbids the practicing of dentistry without a license is not to create a crime but to protect the public and provide for the public welfare, and the injunctive process to prohibit its persistent violation was a proper remedy, Kentucky State Board of Dental Examiners v. Payne, 213 Ky. 382, 281 S. W. 188. The permissible remedy of injunction being properly used in the case at bar, clearly the proper procedure for a violation of that injunction is a civil contempt proceeding and the chancellor had the inherent power to punish by fine or imprisonment for such a contempt. Whether he can do so without intervention of the jury when the punishment

is in excess of $30 and thirty hours is the question we have to decide.

In support of its contention that the section being construed applies only to criminal contempts, appellees cite and rely on Rebhan v. Fuhrman, 139 Ky. 418, 50 S. W. 976, in which this court said: "It is contended that the court could only fine appellant $30.00 or imprison him not exceeding 30 hours under Sec. 1291 Ky. St. (now 432.260 KRS). But that section only applies to criminal proceedings for contempt. It is a part of the chapter on 'Crimes and Punishment.'"

However, the same judge who wrote the opinion in that case wrote the opinion twelve years later in the case of Richardson v. Commonwealth, 141 Ky. 497, 133 S. W. 213, relied on by appellant, in which it was held that a defendant being tried under a show cause rule for violation of an injunction shall have a trial by jury where a greater punishment is inflicted than indicated in the statute, i. e., where the fine is more than $30 and the imprisonment more than thirty hours. Judge Hobson, who wrote both opinions, distinguishes the cases by saying that in the Rebham case the defendant was guilty of a continuing contempt while in the Richardson case the defendant was punished for a past offense. We think he might well have made a further distinction by saying the Rebham case was in reality a criminal contempt. In that case the court ordered the defendant to pay over to the person to whom it rightfully belonged $600 which defendant had fraudulently acquired and which was found on his person during the examination by the court. Upon his refusal to do so the judge ordered him to jail to remain until he should purge himself of contempt by paying the money into court in obedience to the court order. Since this refusal was committed in the presence of the court and was a direct refusal to obey its orders, it was clearly a criminal contempt, as now defined, rather than a civil contempt.

Appellant relies on the Richardson case, supra, for reversal of the judgment of the lower court, insists that the case at bar is on all fours with it and cannot be affirmed unless we overrule that case. In that case Richardson had been enjoined from maintaining a common nuisance by selling alcoholic liquors on his premises and

permitting dissolute crowds to assemble there. Subsequently a rule was issued against him to show cause why he should not be punished for contempt in disobeying the order of injunction. At the hearing on the rule he was adjudged guilty of contempt and his punishment fixed by the court at imprisonment for thirty days and a fine of $100 without the intervention of a jury. In reversing the case this court said:

" 'We have in this State no statute defining contempt. There is a statute limiting the power of the court as to the infliction of punishment for contempt, but, if in the opinion of the court the contempt is one demanding greater punishment than lies in its power to inflict, it may have a jury to hear the truth of the matter, and leave it to them to inflict such punishment as they may deem commensurate with the offense.'

"We adhere to the rule thus laid down. The Legislature may properly prescribe that the defendant shall have a trial by jury where a greater punishment is inflicted than indicated in the statute. While it is true there was no such limitation upon the power of the court at common law, it is within the legislative discretion to allow a trial by jury in such matters."

Appellee makes no effort to distinguish the Richardson case but insists that it is impliedly overruled by later cases inconsistent therewith, such as Gibson v. Rogers, 270 Ky. 159, 109 S. W. 2d 402; Kentucky State Board of Dental Examiners v. Payne, 213 Ky. 382, 281 S. W. 188; Commonwealth ex rel. Grauman v. Continental Co. Inc., 275 Ky. 238, 121 S. W. 2d 49; Hobson v. Kentucky Trust Co. of Louisville, 303 Ky. 493, 197 S. W. 2d 454; Goose v. Commonwealth ex rel. Dummit, 305 Ky. 644, 205 S. W. 2d 326. None of these cases involved the exact question now before us.

All the cases referred to immediately above, except the Gibson case, involved the question of the right of a court of equity to issue the injunction in the first place to stop the thing being complained of, not for punishment by the contempt process for violation of the injunction already granted, as in the case at bar. The violation which the injunctions sought to stop in the above cases was for various offenses—practicing dentistry without a license in the Payne case; violation of

the small loan act in the Grauman-Continental case; practicing law without a license in the Hobson-Kentucky Trust Co. case; operating a gambling house in the Goose case. The contention was made in each of those cases that injunction was not the proper remedy because there was adequate remedy at law for damages or, under the criminal law, by indictment. This court upheld the right of a chancellor to grant injunction in cases of this character even though there was an additional remedy that might have been followed, by criminal prosecution. Under the Payne case supra there could be no doubt of the power of the court below to grant an injunction forbidding appellant, whom the record shows to be a persistent violator, from practicing dentistry without a license. But neither the Payne case nor any of the other cases relied on by appellee are authority for the proposition that after the injunction is granted a court may punish a violation thereof in any manner except as provided in KRS 432.260.

In the case of Gibson v. Rogers, supra, a rule was issued against Rogers to show cause why he should not be punished for contempt of court for violation of an injunction which had previously been issued against him by the same court for operating a quarry in such manner as to make it a nuisance. After hearing a part of the evidence the chancellor on his own motion transferred the case to the common law court for trial by jury on the question of whether the injunction had been violated. The jury answered the question in the negative. The transcript of the evidence taken before the jury was filed in the chancery court and a motion was made to set aside the verdict of the jury. This motion was over-ruled and the show cause rule which had been issued against Rogers was discharged. On appeal that judgment was affirmed by this court. There is some language in that opinion to the effect that neither party to a contempt proceeding is entitled to have the question of contempt submitted to the jury and that the chancellor should exercise an independent judgment and determine for himself whether there was a violation of his order. The case was affirmed on the ground that the chancellor exercised an independent judgment and had reached the conclusion that there had been no violation of the original injunction. We do not regard this case as authority

supporting the contention of appellee that in civil contempt cases a chancellor can inflict a greater punishment than that prescribed by KRS 432.260 without intervention of a jury.

But appellee contends that the section of the statute referred to was part of chapter 182, Acts of 1893, and that the title to the act was ''An Act relating to crimes and punishments,'' and therefore it could not apply to proceedings for civil contempt since the title would not be sufficient to warrant such an application. We do not think this is conclusive. All contempt proceedings, whether civil or criminal, are quasi criminal in nature because there may be penalties inflicted thereunder. The statute under construction is plain on its face and makes no distinction in its application as between civil and criminal contempts and since the only direct authority we have holds the statute applicable to civil contempts, we are constrained to now so hold.

### Conclusions.

We hold that KRS 432.260 applies to all contempts, whether civil or criminal, and that the chancellor exceeded his authority in fining appellant $500 without the intervention of a jury.

The judgment of the lower court is therefore reversed with directions to proceed in conformity herewith.

Judgment reversed.