# Nugent v. Stokes et al.

May 30, 1950.

Rodney G. Bryson, Judge.

Louis Gorman and Howell Vincent for appellant.

Orie Ware and James C. Ware for appellees.

JUDGE KNIGHT—Affirming.

This suit was brought by appellees, constituting the State Board of Dental Examiners, under the authority of KRS 313.220 to enjoin appellant from practicing dentistry in any of its forms in the Commonwealth of Kentucky without a license to do so. The petition alleges that appellant owns, operates, and conducts a laboratory and business in Covington, Ky., under the name of the Dental Plate Repair Co. and holds himself out to the public generally as one engaged in the practice of dentistry in that he takes impressions of oral cavities, supplies artificial teeth as substitutes for natural teeth, and makes and repairs dentures and artificial teeth with-

out license to do so, all in violation of KRS Chapter 313. By answer appellant denied the allegations of the petition and upon submission of the case on the testimony and exhibits, the lower court entered a judgment permanently enjoining appellant from making or supplying artificial teeth to substitute for natural teeth, making, supplying or repairing plates, dentures, or artificial teeth within the Commonwealth of Kentucky, and permanently enjoining and restraining him from in any manner advertising or holding himself out to the public as being engaged in performing, offering to perform any of said services, or engaging in any way in the practice of dentistry in violation of KRS Chapter 313. The judgment provided that it should not be construed to prevent appellant from operating a laboratory for the purpose of doing work or rendering service to the dental profession or under the supervision of the dental profession.

It is shown by the testimony, and appellant admits, that he has no license to practice dentistry and it is his contention that he is not practicing dentistry, but is a dental technician engaged only in repair work, such as repairing cracked, broken, and damaged dentures, replacing teeth in plates, and work of that nature. The testimony and exhibits filed show that he holds himself out to, and does work of this kind for, the general public. Filed as an exhibit is one of appellant's advertising cards showing his name, address, and telephone number. The card has in bold face type the words: "False Teeth," and under it these words: "Plates repaired— Teeth replaced, come direct to the laboratory and save money, 3 hour service." Also filed as an exhibit is an advertisement in a local newspaper under the name of the Dental Plate Repair Co. giving the address of appellant as shown on the above card. In this advertisement are the words: "Plates repaired, teeth replaced, dentures made with modern material." Also filed as an exhibit is a photograph of appellant's place of business. Painted on the windows are such signs as: "Dental Laboratory"; "Broken plates repaired"; "Missing teeth replaced." Several witnesses introduced by appellees testified that they had visited appellant's place of business and that he had repaired broken plates for them. It was shown by the testimony of several graduate, licensed dentists that the branch of dentistry known as

prosthetic dentistry includes the science of making and repairing dentures, adding teeth to dentures, and all work connected with artificial dentures, and that the curricula of all dental schools include courses in these branches.

We think it is established by the evidence that appellant is practicing dentistry within the meaning of KRS 313.010 which includes in the definition of practicing dentistry, "supplying artificial teeth as substitutes for natural teeth * * * or any other practice included in the curricula of recognized dental colleges." Since he is doing so without a license in violation of KRS 313.020, and in violation of KRS 313.240, which prohibits the practice of denistry under the name of any company, the lower court properly enjoined him from the continuation of that practice. Although appellant is subject to a penalty for the violation of the provisions of the law as set out in KRS 313.990, it is well settled in this state that an injunuction will lie to enforce the provisions of KRS Chapter 313., Ky. State Board of Dental Examiners v. Payne, 213 Ky. 382, 281 S. W. 188; Jones v. Commonwealth, 308 Ky. 233, 213 S. W. 2d 983; and cases therein cited.

It will be noted that the judgment does not prevent appellant from operating a dental laboratory for the purpose of doing work for, or rendering service to, the dental profession. It will, therefore, not prevent him from earning a livelihood in his trade if he is qualified in that field. It simply prevents him from holding himself out to the public that he is qualified when he has not shown himself to be by passing the required examination and obtaining the necessary license. KRS Chapter 313 was enacted in furtherance of a high and most commendable public policy. It had in view not only the possible consequences ordinarily resulting from inefficiency, but also the protection of the lives of the subjects which might be placed in peril if the incompetent practitioner were permitted to ply his trade. It is a well-known fact that modern methods of treatments of those needing the services of a dentist require great skill and those entrusted with this skill should be qualified for the purpose, and it is the intention of the statutes to require this.

Wherefore the judgment is affirmed.