860

**COMMONWEALTH et al. v. ANDERSON et al.**

Court of Appeals of Kentucky.
March 16, 1951.

A. E. Funk, Atty. Gen., E. C. Cornett, Comth's Atty., Hyden, Lorenzo K. Wood, Louisville, for appellants.

C. A. Noble, Hazard, Vera P. Street, Terrell, Tex., for appellees.

LATIMER, Justice.

By this action the Commonwealth of Kentucky and the State Department of Health seek injunctive relief against James A. Anderson, lessee, and L. F. Smith, manager of the Hurst Hotel in Hazard, to prevent them from continuing the operation of the hotel. The Hurst Hotel is part of the Anderson hotel system which operates about fifty hotels throughout the country, with general offices in Terrell, Texas.

According to their own admissions and the proof presented in this case, these appellees have continued the operation of the Hurst Hotel for the years 1947, 1948 and 1949 without first having secured a certificate of authorization to operate from the State Department of Health of Kentucky.

Chapter 219 of the Kentucky Revised Statutes deals specifically with hotel and restaurant inspection. The State Board of Health, through its Division of Hotel Inspection, is given the authority to enforce the provisions of this chapter. KRS 219.020. No hotel or restaurant can be maintained or conducted without a certificate, except that after making an application for a certificate and pending issuance of same, the hotel or restaurant

shall be permitted to operate until a final refusal of the application by the State Board of Health. KRS 219.030. The State Board of Health is under a duty to see that every hotel and restaurant in this state is inspected once a year; and whenever it is found that the establishment is not being conducted or is not equipped in the manner required by Chapter 219 of the Kentucky Revised Statutes, the inspector must notify the proprietor, or his agent in charge, of the conditions found and the proprietor or his agent must forthwith comply with the provisions of this chapter, unless reasonable time is granted by the Board for compliance. KRS 219.060. Other provisions of this chapter set forth requirements of cleanliness and safety. Anyone who operates such a business without complying with the provisions of this chapter shall be fined not less than $10.00 nor more than $100 or imprisoned in the county jail for not more than ninety days, and each day's operation of the hotel or restaurant shall constitute a separate offense. KRS 219.990.

Inspections of the Hurst Hotel were had on February 22, 1947, April 17, 1947, June 11, 1948 and January 11, 1949. In each instance a copy of the report of inspection was given to appellees or their agents. They were duly notified of the refusal of the Board of Health to grant a certificate and yet they made no appeal or protest. In each report, the Hurst Hotel was reported deficient in standards of cleanliness and in fire safety devices and escapes.

Proof was taken before the judge of the Perry Circuit Court and the cause submitted for opinion and judgment. Upon motion of appellees the judge of the court personally visited and inspected the premises before rendering a decision. After this inspection and before judgment the appellees tendered and offered to file an amended answer and counterclaim to conform to the proof. The court, over the objections of appellants, set aside the order of submission and permitted the amended answer and counterclaim to be filed. The cause was then resubmitted for opinion and judg-ment. The court denied the injunctive relief and ordered the State Department of Health to issue a certificate for the year 1949, and further held that no further fee would be required for this year since the State Department of Health had not returned the fees paid by the appellees for the years 1947 and 1948.

We are confronted with three questions:

(1) Did the trial judge, by basing his conclusion on a personal inspection of the premises, without regard to the proven and admitted facts arbitrarily disregard the applicable law of this Commonwealth with respect to matters of public health?

(2) Where an application for a certificate is refused, is the applicant entitled to a refund of the fee or is this charge made for the cost of inspection?

(3) Did the court err in directing, on appellees' counterclaim, the Board of Health to issue appellees a certificate?

■ These questions will be answered in reverse order. Under the equity maxims, (1) "he who comes into equity must come with clean hands", and (2) "he who seeks equity must do equity", it is clear that the appellees are not entitled to any relief on their counterclaim, in that they are still violating the laws of this State in operating without a certificate.

■. It seems perfectly clear, from reading KRS 219.030(2), that the application fee is paid to cover the cost of inspection and no part is a license fee to be refunded to the applicant in the event his application is refused. This section states in part: "* * * The application shall be accompanied by the *inspection fee* * * *."

Injunctive relief appears to be a proper remedy in this class of cases. In a Commonwealth's suit to enjoin a dentist from practicing because of noncompliance with the statute requiring annual renewal certificates, it was held to be the proper remedy, on the principle that where the remedy at law is inadequate and general public welfare is involved, equity will grant relief. Commonwealth ex rel. Attorney General et al. v. Pollitt, 1935, 258 Ky. 489, 80 S.W.2d 543.

862

■ Ordinarily, an injunction will not lie to prevent the commission of a crime. 43 C.J.S., Injunctions, § 14, pages 420 and 425 respectively we find the following language:

"Except in cases where a statute gives an absolute right to an injunction, an injunction, whether temporary or permanent, cannot as a general rule be sought as a matter of right, but the power to grant or refuse it rests in the sound discretion of the court under the circumstances and the facts of the particular case, unless perhaps in cases where facts on which the injunction is asked present questions of law only. * * *

"This discretionary power, however, is not arbitrary and unlimited, but must be exercised reasonably and in harmony with well established principles. In every case in which the law leaves anything to the discretion of the court, a sound and legal discretion is understood and not an arbitrary one. A proper discretion does not include the misapplication of the law to conceded facts; and the court must be guided by conclusions based on the law and facts disclosed by the particular case. Where the case made out by the complainant is perfectly clear, and he has complied with all the requirements of the law for the issuance of an injunction, he is entitled to the injunction as a matter of right. * * *"

This court has held that the statute regulating the practice of dentistry is intended for the protection of the health and life of those needing service, and an injunction will lie to prevent violation of the statute, notwithstanding such practitioner lays himself open to penalties imposed by statute. Kentucky State Board of Dental Examiners v. Payne, 1946, 213 Ky. 382, 281 S.W. 188.

In Jones v. Commonwealth et al., 1948, 308 Ky. 233, 213 S.W.2d 983, it was held that the purpose of the statute which forbids the practice of dentistry without a license is not to create a crime but to protect the public and provide for the public welfare and that an injunction would lie to prohibit persistent violations of such statute.

■ After a careful review of the record, we are of the opinion that there was a clear abuse of discretion by the court below in refusing the injunctive relief sought by appellants. Under the proven and admitted facts herein appellees should be permanently enjoined from further operation of the Hurst Hotel until they have so complied with the laws of this Commonwealth as to justify the Department of Health in issuance of a certificate to conduct the business.

The judgment is reversed for entry of judgment not inconsistent herewith.