**Roger GLASS, Appellant,**

v.

**H. C. VAN ZANT et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 15, 1957.

Robert L. Dowell, Edmonton, Morris R. Butler, Greensburg, for appellant.

Terry L. Hatchett, Glasgow, for appellees.

STANLEY, Commissioner.

▇ The statement of appeal shows that the judgment "appears of record in Civil Orders Book No. 21, page 285, in the office of the Metcalfe Circuit Court Clerk." Obviously that does not identify the judgment as it appears in the record filed in this court. Our Rules require that the statement of appeal shall state "the page of the record on appeal on which it may be found." Rule 1.-090. There are two judgments in this record. One judgment follows an opinion and finding of fact filed by the special judge in October, 1956, and the other bears date of December 21, 1956, and that date is referred to in the statement of appeal. The Rules were adopted to save the court difficulty of dredging essential facts out of the record. They should be observed. We will regard

the last judgment entered as the one appealed.

The complaint and amendments, constituting a class action, were filed by two citizens and taxpayers of Metcalfe County, the appellees, against the appellant, Roger Glass, county judge, the county treasurer and the sureties on her bond to recover for the benefit of the county certain sums of money alleged to have been illegally paid by the treasurer to the county judge in monthly lump sums as expenses of the office, and additional sums paid under later alleged void orders of the fiscal court. The suit also sought to enjoin the defendants from continuing to pay and receive the allowances.

The case was submitted to the court, the Honorable Alex P. Humphrey of Louisville sitting as special judge, upon motions to dismiss the complaint as amended. The court filed an opinion, findings of fact and conclusions of law on October 17, 1956, in which he expressed the view that the payments were illegal because made in lump sums but the parties should have the opportunity to establish, as a set-off, actual expenses incurred within the budgeted items. Therefore, the motion to dismiss the suit against the county judge and the treasurer was overruled, but the motion was sustained as against the sureties on the treasurer's bond. The order entered to that effect also restrained and enjoined the treasurer from paying and the judge from accepting further monthly payments.

On December 12, 1956, the plaintiffs filed an amended complaint setting up similar allegedly illegal payments for the fiscal year which had begun July 1, 1956. It is stated the payments were made upon claims filed with and approved by the fiscal court. At the same time the plaintiffs filed a motion for a rule against the defendants to show cause why they should not be held in contempt of court for having violated the injunction order of October 17, 1956.

After a hearing on the motion for a rule, the court entered an order of date December 21, 1956, permanently enjoining the county judge from submitting claims to the fiscal court under the budget without specifically itemizing the claims. This is the order we assume is appealed from.

The appellees take the position that though this is referred to as permanent, the injunction is in fact temporary and intended to remain in effect only until the case has been finally decided, so is not an appealable order. We treat it as it is called and regard the injunction as final for the purpose of the appeal.

 It seems sufficient to point out that this order was entered on a rule for disobeying a previous injunction from which there was no appeal. No motion had been made to have that order vacated or suspended. Right or wrong, it was the duty of the defendant to obey that order. Moreover, the order appealed from only requires the parties in the future to conform to the statute which prohibits the payment to any public officer or employee of lump sum expense allowances, KRS 64.710, and the statute which requires that all persons in filing claims against the county give specified information in regard thereto. KRS 68.325.

The judgment is affirmed.