HERBERT M. MOSS, ELIZABETH PHILLIPS, and R. WELLS CAMPBELL, constituting the DELAWARE STATE BOARD OF EXAMINERS IN OPTOMETRY, and DELAWARE OPTOMETRIC ASSOCIATION, a corporation of the State of Delaware,
Plaintiffs,

*vs.*

EDWIN P. J. KUHWALD,
Defendant.

*New Castle—October 8, 1958*

*J. Donald Craven, Atty. Gen.,* for individual plaintiffs.

*Thomas Herlihy, Jr.,* and *Morris Cohen,* Wilmington, for corporate plaintiff.

*Henry A. Wise, Jr.,* Wilmington, for defendant.

MARVEL, Vice Chancellor: The individual plaintiffs, constituting the members of the Delaware State Board of Examiners in Optometry appointed by the Governor from a list of practicing optometrists submitted by the Delaware Optometric Association, and the corporate plaintiff allege in their joint complaint that defendant in the early months of 1957 "* * * performed activities which constituted the practice of optometry, to-wit the making of a mold of a customer's eye, the examination and refracting of the customer's eye and the prescribing and application of contact lenses for the customer * * *." The complaint goes on to allege that defendant has also represented himself to the public as qualified to perform acts of optometry, that he has necessarily performed acts of optometry despite reliance on medical prescriptions, and that he has caused injury to the public through furnishing a type of eye care of an allegedly lower standard than that prescribed by the State Board of Examiners in Optometry. The complaint concludes that defendant's continued activities in the field of eye care will lead to a flaunting of State Board standards by others not duly licensed to practice optometry thereby causing further damage

to the public. Plaintiffs pray for injunctive relief against defendant's acts of prescribing and fitting contact lenses, of examining and refracting the human eye and of representing himself to the public as qualified to engage in the practice of optometry.

Defendant admits that Chap. 21 of Title 24, *Del.C.* regulates the practice of optometry and that such chapter further charges the State Board of Examiners in Optometry with the duty of carrying out and enforcing the provisions of such law but denies that such Board has the right to maintain this action. Defendant admits that he made an eye mould in the early months of 1957 "* * * under the direction of a doctor * * *", that he has represented to the public "* * * that he is qualified to fit contact lenses at the direction and upon the prescription of a doctor * * *", that the corporate plaintiff is in fact duly incorporated, and that he, the defendant, does business at 910 Delaware Avenue and is not an optometrist or a doctor of medicine. All other allegations of the complaint are in effect denied.

In a first affirmative defense defendant takes the position that the corporate plaintiff is without standing to maintain this action and that its complaint should accordingly be dismissed. A second affirmative defense alleges that the individual plaintiffs are also without standing to maintain this action inasmuch as the duty of enforcing the Optometric Law reposes solely in the Attorney General. This defense further charges that the individual plaintiffs are tainted with unclean hands. In a third affirmative defense defendant contends that plaintiffs have failed to join as indispensable parties defendant those doctors for whom defendant performs the fitting of contact lenses. A counterclaim and a reply thereto are also filed, but the issues before me now are concerned with the standing of the present plaintiffs to maintain this action.

Defendant, relying on the corporate plaintiff's alleged admission in pre-trial discovery that *res adjudicata* is a valid defense and on a general allegation that such plaintiff is without standing to maintain this action because of unclean hands, has moved for summary judg-

ment of dismissal of the complaint of the corporate plaintiff for failure to state a cause of action. Defendant has also moved for dismissal of the complaint of the individual plaintiffs contending that because of a constitutional defect in the statute creating it there is no legally constituted Delaware State Board of Examiners in Optometry or alternatively, if such Board is found to be validly in office, that its members lack authority to maintain this action. There is also pending before me a motion to compel the corporate plaintiff to answer defendant's interrogatory No. 12.

Section 2119 of Chap. 21, Title 24, *Del.C.* (Optometry) fixes penalties in the form of a fine for violations of the provisions of such chapter and provides that:

"The Attorney General or his deputies shall prosecute every case to final judgment in the county wherein the offense was committed whenever his attention shall be called to a violation of this chapter."

While this action is not a prosecution (compare *Young v. N.A.A.W.P.*, 35 *Del.Ch.* 10, 109 *A.2d* 29) I believe, notwithstanding that fact that the Attorney General has signed the complaint as attorney for the State Board, that sovereign action of any sort which seeks to protect the general public against alleged violations of the Optometry Law should be brought in the name of the Attorney General rather than in the names of the members of the Board.

In the case of *Town of Seaford v. Eastern Shore Public Service Co.*, 22 *Del.Ch.* 1, 191 *A.* 892, 896, the Chancellor stated: "* * * It is undoubtedly the general rule that the proper remedy in a court of equity against the wrong of a public nuisance [1] is by an information at the suit of the Attorney General, who represents the public generally. *Harlan & Hollingsworth Co. v. Paschall*, 5 *Del.Ch.* 435 * * *", Although it was held in that case that a municipality itself might maintain

---

1. Allegedly the maintenance by the defendant of public utility facilities in the streets of Seaford.

a suit which sought redress against an alleged nuisance because of the "* * * status of the municipality as a subordinate branch of the state government to which has been delegated a portion of the state's governmental powers * * *."

In reaching such conclusion the Chancellor was conscious of the basic sovereign rights involved in the problem before him pointing out that although the question was not before him : "* * * If the municipality has the right in its own name to seek redress against the nuisance in a court of equity, the question may arise as to whether the state through its Attorney General has lost the right."

While it has been held that a state board may be empowered by the legislature directly and by all lawful means to bring about compliance with a law designed to protect the public, *Kentucky State Board of Dental Examiners v. Payne,*[2] 213 *Ky.* 382, 281, *S.W.* 188, and compare *Lipman v. Forman,* 138 *N.J.Eq.* 556, 49 *A.2d* 236, I find no such authorization here in the statutory direction that the Board "* * * shall carry out and enforce the provisions * * *" 24 *Del.C.* § 2102, of the chapter, provisions dealing mainly with the qualifying and certifying of would-be optometrist. On the contrary, violations[3] of the chapter are specifically made a matter for prosecution by the Attorney General or his deputies, and in my opinion it is he who should assume direct responsibility for bringing about observance[4] of the law.

2. The fine at the time for practicing dentistry in Kentucky without a license was not less than $5 nor more than $20, *Jones v. Commonwealth,* 308 *Ky.* 233, 213 S.W.2d 983. Section 2119 of Chap. 21, Title 24 *Del.C.* fixes a fine of not less than $100 nor more than $500 and in default of payment of such fine fixes a penalty of imprisonment of not less than one year.

3. Section 2106 of Chap. 21, Title 24, *Del.C.* provides "no person shall practice optometry in this State unless he shall first have obtained a certificate of registration and filed the same, or a certified copy thereof, with the State Tax Department."

4. In *Delaware Optometric Association v. Sherwood,* 36 *Del.Ch.* 223, 128 *A.2d* 812, it was pointed out by the Court that the remedy for enforcement of the statute lies in the criminal courts and that activities of the defendant similar to those complained of in this case did not constitute a public nuisance and as such enjoinable.

The Attorney General [5] alone was traditionally empowered to protect the public interest by seeking relief against a public nuisance in a court of equity except where an individual claiming direct and special injury was allowed to proceed on the basis of his personal rights, *Harlan & Hollingsworth Company v. Paschall,* 5 *Del.Ch.* 435, and the custom of permitting a relator to be introduced into an equitable action brought solely in the right of the sovereign was initially an act of favor on the part of the crown and its officers, *Story Equity Pleading* (9th Ed.) §§ 7 and 8, Daniell, Vol. 1. Chancery Practice § 12, and *State ex. rel. Taylor v. Lord,* 28 *Or.* 498, 43 *P.* 471, 31 *L.R. A.* 473. As a practical matter the introduction of a relator in such a case came to serve the useful purpose of providing a person responsible for costs in the event the case was lost, *Attorney General v. Mayor of Dublin,* 1 *Bligh* (N.S.) 312.

In the absence of a clear legislative mandate empowering the State Board to bring an action such as this in its own name (assuming there is any basis for such an action in the light of the rulings of the Supreme Court in *Delaware Optometric Association v. Sherwood, supra*) the prerogative right here involved should be asserted by the Attorney General directly rather than indirectly. It is perhaps captious not to consider the present complaint which has been adopted by the Attorney General as one actually brought in his name and deal with it accordingly, however, it may be that the Attorney General in his own complaint can directly state a cause of action on some theory other than that advanced by the State Board.

Having concluded that the Delaware State Board of Examiners in Optometry should give way to the Attorney General as the formal plaintiff in this equitable action brought to protect the general public against alleged violations of the Optometry Law an appropriate motion may be made under *Rule* 21, *Del.C.Ann.*

There being no claim of direct and special injury made by the corporate plaintiff the complaint will be dismissed as to it for

5. For a discussion of the common-law powers of the Attorney General, see *Darling Apartment Co. v. Springr,* 25 *Del.Ch.* 420, 22 *A.2d* 397, 137 *A.L.R.* 803

failure to state an equitable cause of action. It is accordingly inappropriate to consider the defense of *res adjudicata* raised by defendant's motion for summary judgment.

In view of these conclusions no action will be taken on the other motions before me pending the filing of such *Rule* 21 motion. An appropriate order may be presented.