206 A.2d 100 (1960)
Alfred W. SCHOFIELD, Ellen G. Schofield, Frank Dilworth, Mary E. Dilworth, Walter F. Read, May Read, and Thomas Nesci, an infant by his next friend, Marie C. Nesci, on behalf of themselves and others similarly situated, Plaintiffs,
v.
MATERIAL TRANSIT, INC., a corporation of the State of Delaware, Defendant.
Court of Chancery of Delaware, New Castle.
September 21, 1960.[*]
J. Donald Craven and Robert H. Huber, Wilmington, for plaintiffs.
E. D. Griffenberg, Jr., of Killoran & Van Brunt, Wilmington, for defendant.
MARVEL, Vice Chancellor.
By stipulation approved by the Court on September 16, 1959 the matters complained of in this action were narrowed to those charging the defendant Material Transit, Inc., with maintaining an actionable nuisance. Thereafter, plaintiffs amended their complaint so as to couch it in the form of a class action for the benefit not only of plaintiffs but of other residents of Holloway Terrace similarly situated. Such amended complaint has been answered by Material Transit, Inc., which has also *101 moved to dismiss. Such latter motion has been briefed and is now before the Court for decision.
Material Transit, Inc., contends that it is a settled principle of contemporary law that whenever a particular claim consists of allegations falling within the scope of the regulatory powers of an administrative body endowed with special competence in the area involved, the judicial process should be suspended until a referral has been made to such administrative body for its views, United States v. Western Pacific R. R. Co., 352 U.S. 59, 61, 77 S.Ct. 161, 1 L.Ed.2d 126; 3 Davis, Administrative Law Treatise (1958) § 19.01.
Plaintiffs, on the other hand, insist that equity's historic jurisdiction over the abatement of nuisances has not been ousted to any degree by the creation of administrative agencies which deal with the manifold problems which have arisen in the fields of regional planning, zoning, air pollution and the like, and I am inclined to agree. However, this does not mean that complainants, such as those in the case at bar, may not be required to resort in the first instance to the appropriate administrative agency charged with special powers to regulate and control the area of contemporary industrial life about which complaint is made, before applying for judicial action.
In other words, while the creation of agencies charged with the duty of regulating the ever-growing problems of industrialization as well as the constant conversion of once-rural lands to other uses, does not of itself oust this Court of jurisdiction to abate a nuisance, primary judicial relief may not be applied for when administrative remedies for the relief sought exist, 67 Harvard Law Review 929.
Here plaintiffs complain not only of contamination of air by dirt and sand, but of vibration, the endangering of lives on public streets by trucks operated by defendant, and of noise, but it would appear that the matter which plaintiffs find most annoying and harassing is that of alleged air-contamination or pollution.
The forum of first resort for complaints in this field is now the Air Pollution Authority of the State of Delaware, 16 Del.C. §§ 1601-1625, which has authority by legislative grant to hold hearings on alleged violations[1] and to institute proceedings "* * to[2] abate public nuisances created by pollution of air * * * at law or in equity in the name of the State on behalf of the Authority by the Attorney General".[3]
No valid reason is advanced by plaintiffs why they should not be required to seek administrative relief from alleged air contamination before such agency before seeking identical relief in this Court. Furthermore, it would appear that any ultimate resort to a court of equity in such area must be taken in the name of the State. However, regardless of how any future action in this Court for such relief shall be captioned, plaintiffs' application in this Court for relief from air contamination is obviously premature and will be held in abeyance pending the outcome of proceedings before the Air Pollution Authority of Delaware.
Insofar as plaintiffs seek relief on claims of noise, vibration and the operation of trucks, I am of the opinion that defendant's compliance with regional planning and zoning requirements did not of itself give it a free hand to operate its business in an excessively noisy and dangerous way, and that the doctrine of exhaustion of administrative *102 remedies does not bar plaintiffs from seeking injunctive relief on such grounds, though, of course, defendant's compliance with such administrative requirements, and plaintiffs' failure to cause such rulings to be appealed, would no doubt be material to the issue of whether or not a nuisance in fact exists.
Accordingly, I decline to grant defendant's pending motion to dismiss those allegations of the complaint having to do with claims of nuisance based on allegations other than those of air pollution. However, I deem it appropriate again to state that I am not now convinced that this class action is in fact concerned with a private rather than a public nuisance. See memorandum opinion herein of July 10, 1959, Harlan & Hollingsworth Co. v. Paschall, 5 Del.Ch. 435, and Moss v. Kuhwald, 37 Del.Ch. 461, 145 A.2d 65.
Order on notice.
NOTES
[*] Now reported because of recent litigation concerned with the doctrine that administrative remedies must be resorted to before applying for equitable relief.
[1] § 1620 of the subchapter provides: "No person shall discharge into the air solids, liquids, or gases causing such injury to human, plant or animal life, or to property, as constitutes a public nuisance. No person shall cause, erect or continue any nuisance contrary to the provisions of this chapter."
[2] § 1621.
[3] Compare comment in memorandum opinion in this cause of July 10, 1959 concerning the bringing of nuisance actions in the name of the Attorney General.