Hopson KARR, Appellant,

v.

**KENTUCKY STATE BOARD OF DENTAL EXAMINERS, Appellee.**

Court of Appeals of Kentucky.

July 2, 1971.

**546**

Raymond B. Dycus, Smithland, for appellant.

E. C. Hume, Jr., Louisville, R. L. Myre, Jr., Smithland, for appellee.

STEINFELD, Judge.

On August 17, 1967, the Livingston Circuit Court acting under KRS 313.360(1) permanently enjoined appellant, Hopson Karr, from practicing dentistry in this Commonwealth. There was no appeal and the injunction remained extant, when Karr, who had not become licensed to practice dentistry, performed certain dental services for Delores Gail Adams after October 1, 1968. The Kentucky State Board of Dental Examiners on June 24, 1969, moved that court under KRS 313.360(2) to issue a rule against Karr to require him to show cause why he should not be held in contempt for having violated the injunction order. Attached to the motion was a poor-quality photocopy of an affidavit made by Miss Adams stating what had occurred. The rule was issued but no response was filed. Karr, through counsel, admitted he had violated the injunction, however, he defended on technical grounds.

The trial court made findings of fact and conclusions of law and adjudged Karr guilty of contempt. It ordered only that Karr " * * * execute a bond with suffi-

cient surety in the amount of $1,000 running to the benefit of the Commonwealth of Kentucky to insure his compliance with the judgment previously entered * * *". The court also ordered that in the event of further violations the bond be forfeited and the surety required to pay it. Karr makes no claim that he was unable to give the bond. From that judgment Karr appeals. We affirm.

KRS 313.360 provides:

"(1) The Kentucky State Board of Dental Examiners may maintain an action in equity to enjoin the practice of or attempt to practice dentistry without a license in violation of KRS 313.020.

"(2) In case of a violation of any injunction granted under this section, the court, or a judge in vacation, may summarily try and punish the offender; and the court's or judge's discretion concerning the degree of punishment shall not be subject to the provisions of KRS 432.260. The proceedings shall be commenced by filing with the clerk of the court an affidavit, setting out the alleged facts constituting the violation, upon which the court or judge shall cause an order of arrest to issue. The trial may be had upon affidavit, but either party may at any stage of the proceedings demand the production and oral examination of the witnesses."

Karr contended below and now argues among other things that other penalties should have been imposed. In considering all his arguments we must keep in mind that in these proceedings:

"The question before us is whether or not appellant has violated a binding injunction of a court, not what other remedy might be used against him for a subsequent violation of the law." Jones v. Commonwealth, 308 Ky. 233, 213 S.W.2d 983 (1948).[1]

---

1. Jones v. Commonwealth, supra, was overruled in part by Levisa Stone Corp. v. Hays, Ky., 429 S.W.2d 413 (1968).

Also see Barrone v. Moseley Bros., 144 Ky. 294, 137 S.W. 1048 (1911). Our cases have made it plain that in proceedings to punish for contempt the violation of an injunction order the court will not consider whether the original order was erroneous and that it is the duty of the enjoined party to obey the order whether it was rightfully or wrongfully issued. See Smith v. Miller, 122 Ky. 289, 91 S.W. 1140, 28 K.L.R. 1205 (1906); Green v. Quisenberry, 133 Ky. 561, 118 S.W. 361 (1909); Stratton & Terstegge Co. v. Meriwether, 147 Ky. 577, 144 S.W. 1083 (1912), and Glass v. Van Zant, Ky., 307 S.W.2d 175 (1957). Also see 17 Am.Jur.2d 49, Contempt § 43.

 Karr contends that KRS 313.360 is unconstitutional. The circuit court, a court of general jurisdiction, had jurisdiction over the parties and the subject matter when the injunction was granted. We have herefore held that an injunction will lie to enforce the provisions of KRS Chapter 313 [Nugent v. Stokes, 313 Ky. 131, 230 S.W.2d 609 (1950)] but inasmuch as Karr violated an injunction the constitutionality of the act controlling the practice of dentistry is a matter we need not now consider.

 Karr claims that the present proceeding was barred by KRS 431.090, the statute which limits prosecution for the commission of a misdemeanor to one year from the date of the offense. This action was instituted well within a year of the time when the violation occurred, but more important he was not punished under KRS 313.990, the criminal sections, as he might have been. It was not barred by limitations.

Karr argues that the trial court acted beyond its jurisdiction in requiring the bond claiming that this was a coercive measure. He also argues that this statute does not authorize the court to punish for contempt as in civil cases and that it was restricted to imposing a reasonable fine or imprisonment or both. Penalties for criminal prosecution, which we do not have here, are fixed by KRS 313.990:

"(1) Any person who practices or attempts to practice dentistry without a license in violation of KRS 313.020 shall be fined one thousand dollars or imprisoned in the county jail for not more than thirty days, or both, for the first offense; and for each subsequent offense shall be fined two thousand dollars or imprisoned in the county jail for not more than sixty days, or both. Each day that a person, without a license, practices or attempts to practice dentistry shall constitute a separate offense."

In Jones v. Commonwealth, 308 Ky. 233, 213 S.W.2d 983 (1948), we said:

"The purpose of the statute which forbids the practicing of dentistry without a license is not to create a crime but to protect the public and provide for the public welfare, and the injunctive process to prohibit its persistent violation was a proper remedy. Kentucky State Board of Dental Examiners v. Payne, 213 Ky. 382, 281 S.W. 188."

 It is our opinion that in addition to the inherent power of the court to punish for contempt, KRS 313.360(2) authorized the court to enter a coercive order to protect against further violations of the injunction. Cf. Local No. 181, Hotel and Restaurant Emp. Union v. Miller, Ky., 240 S.W.2d 576 (1951). We hold that the court acted within its jurisdiction in ordering the execution of the bond.

Relying on Levisa Stone Corp. v. Hays, Ky., 429 S.W.2d 413 (1968), Karr argues that the contempt was criminal as distinguished from civil, wherefore, he says the court was limited to the imposition of a reasonable fine or imprisonment or both. He claims there is no authority authorizing the court to require a bond. In our opinion it makes no difference into which category the contempt fell. We have already pointed out that requiring the bond was proper.

Karr insists that the affidavit was insufficient to warrant the issuance of a rule because the copy did not show the signatures of the affiant or the notary. When the original was substituted under order of the trial court it showed that the copy was authentic but that the photocopying device failed to legibly print the signatures. We find no merit in this complaint.

The judgment is affirmed.

All concur.