CASE 53—CONTEMPT—MAY 30, 1882.

# Arnold v. The Commonwealth.

### APPEAL FROM JESSAMINE CIRCUIT COURT.

1. The power of a court to punish in a summary way for contempt is as ancient as proceedings in court.

2. The circuit court had the power under *section* 3, *article* 27, *chapter* 29, *General Statutes*, to cause a jury to be summoned at once.

3. And the jury had the power to fine and imprison appellant in their discretion for obstructing and hindering the court from the discharge of its duties.

4. No indictment was necessary.

5. The replevin bond bears interest under the statute.

P. B. THOMPSON FOR APPELLANT.

1. The rule against appellant was in violation of article 4, section 5, of the constitution, which requires that the process shall be in the name of the Commonwealth of Kentucky.

2. There should have been an indictment. (Section 13, article 13, Constitution.)

3. It was error for the replevin bond to bear interest.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

1. The statute does not require an indictment in this class of cases.

2. *Section* 8, *article* 17, *chapter* 29, does require an indictment before proceeding against persons violating it, but in this case it is not provided for, nor is it necessary.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In August, 1880, during the progress of a trial in the Jessamine circuit court, under an indictment against James H. Arnold for murder, the appellant, Isaac H. Arnold, with force and arms, and in open court, obstructed the proceedings in the case, and was committed to the jail of Jessamine county to await the action of the grand jury. On the next day a rule was issued against the appellant, requiring him to show cause why he should not be fined and imprisoned, or both, at the discretion of a jury, for the contempt of hindering and obstructing the court and its

proceedings by forcibly assaulting the attorney for the Commonwealth while engaged in open court in the discharge of his official duties.

The appellant appeared, pleaded not guilty, and the jury empaneled to try the issue said he was guilty, and fixed his punishment by a fine of $1,000, and imprisonment for 12 months. After going to jail he replevied the fine as authorized by the statute, and, execution having · issued on the replevin bond, upon a written notice to the attorney for the Commonwealth, he moved to quash the replevin bond and the execution—

*First.* Because the rule issued was in violation of article 4, section 5, of the constitution, not being in the name of and by the authority of the Commonwealth of Kentucky, and against the peace and dignity of the same.

*Second.* The judgment is void under article 13, section 13, of the constitution, because no indictment was found by the grand jury against him.

*Third.* Because the replevin bond is made to bear interest.

As to the first ground relied on, it is sufficient to say that a mere rule for contempt or orders emanating from a court during the progress of a trial are not required to issue in the name of the Commonwealth, and we are aware of no law, constitutional or otherwise, requiring such proceedings to show anything more, so far as the style of the proceeding is concerned, than that it was issued by authority of the court in which the proceedings are to be had, and against the party required to answer. The solution of the entire question depends, however, upon the disposition made of the second objection urged by counsel, viz: that the appellant should have been first indicted by a grand jury of the county where the offense was committed. That the assault

made upon the attorney for the commonwealth was an offense at the common law cannot be denied, but we do not understand that this is the gravamen of the offense, but it consists in the contempt offered the court by making the assault during the progress of the trial.

It is conceded that the court has the inherent power to punish by fine and imprisonment for such a contempt, and it might be added the legislature has no power to take from a court the power to protect itself against such flagrant contempts as was offered the court in this particular case; and to sanction the exercise of such legislative action would, in effect, defeat the administration of justice, and particularly in cases where the commonwealth is seeking a conviction for the violation of its penal or criminal laws. The exercise of such a power by the judicial tribunals of the country is essential not only in the attempt to enforce the laws for the prevention of crime, but for the protection of each and every citizen in the enjoyment of his property, and its exercise is not now questioned. The right to punish for contempt, without the intervention of a jury, was recognized, and is fully established by the rule of the common law, and when the exercise of the power is admitted, the fact that a jury may be called in to aid the court in determining the quantum of punishment to be inflicted is in no manner objectionable. While the right to punish is with the court, we are not prepared to say that it is not subject in some degree to legislative control; but, on the contrary, we are inclined to adjudge that a mere arbitrary discretion on the part of the judge may be limited; but an attempt by legislation to deprive the courts of the inherent power of protection against assaults and indignities would be disregarded.

Arnold v. The Commonwealth.

By section 1 of article 27 of chapter 29, General Statutes, it is provided that "a court shall not, for contempt, impose upon the offender a fine exceeding thirty dollars, or imprison him exceeding thirty hours, without the intervention of a jury." By section 2 of same article it is provided: "In all trials by jury arising under this article, the truth of the matter may be given in evidence." And by section 3 it is provided: "If any person shall, with force and arms, enter any court-house or room in which a court is held, during the time such court shall be in the discharge of its official duties, or if he obstruct or hinder by any means such court from discharging its duties, he shall be fined or imprisoned, or both, at the discretion of a jury."

It is maintained that such an offense is made a crime by this statute, and the court has no power to try the accused for it without the intervention of a grand jury.

That it is a contempt of court is not denied, but as the statute provides no mode of trial, or of bringing the party before court for trial, it is urged that it must be by an indictment. There was no necessity of providing a mode of trial. The manner for conducting such a proceeding was established by the rule of the common law, and has been followed by the courts of this country, that is, by an attachment or rule against the party charged with the contempt to appear and answer, and the punishment, if the party was guilty, determined by the court without the intervention of a jury. All the legislature has said is, that the tribunal to whom the contempt is offered shall not, by way of punishment, exceed a fine of thirty dollars, or imprisonment *exceeding thirty hours, without the intervention of a jury*. The rule of the common law has been modified by giving to the party charged the right to a trial by jury, and the judge

required to have a jury empaneled, when, in his opinion, the indignity offered requires greater punishment than that he is authorized to impose by the statute.   This change was for the protection of the citizen, and instead of restricting his rights under the laws or constitution of his country, is an attempt to place him beyond the exercise of a power that could otherwise inflict punishment at discretion.   The question of the right of trial by jury in cases of contempt has been often raised, but always denied.   (See *ex parte* Grace, 12 Iowa; Taylor v. Mockbie, 9 Iowa; Neel v. The State, Arkansas; State v. Matthews, 6 New Hampshire; Patrick v. Napier, 4 Paige; People v. Barrett, 4 Paige.)

The questionable power in this case is the right of the legislature to regulate the action of the court in regard to the punishment for contempt, and certainly when the appellant has had a jury to pass upon his case he ought not to be heard to complain.   While the citizen cannot be thus summarily punished for a crime, the right to punish in a summary way without a jury, for contempt, is as ancient as the proceedings in courts of justice.

: As to the third ground for a reversal, while the judgment for a fine does not bear interest, the execution of the replevin bond extinguished the judgment, and in permitting replevy, that has that effect, we see no reason why the bond should not bear interest, and particularly when replevin bonds under the statute bear interest; and there is no exception made in this particular case, although the right to replevy generally applies to judgments in civil actions.

· Judgment affirmed.