CASE 80—MOTION—OCTOBER 24.

# City of Newport, &c., v. Newport Light Co.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. APPEAL FROM JUDGMENT PUNISHING CONTEMPT.—The provision of the statute that no appeal shall be taken to reverse a judgment punishing contempt applies only to criminal contempt, and not to civil contempt, which is to be looked upon as a civil proceeding for the benefit of the other party, although in name a contempt of court.

Where, in response to a rule against defendants to show cause for contempt in disobeying an injunction which has been made perpetual, the defendants contend that what they have done is not a violation

of the injunction, and rely upon an alleged changed status of the parties since the judgment, and the response is held insufficient and they are adjudged to be in contempt, they are entitled to an appeal.

2. FINAL ORDER.—Such a judgment is a final determination of the rights of the parties, and not a mere step toward the enforcement of the judgment perpetuating the injunction.

CHARLES J. HELM, HALLAM & MYERS FOR APPELLANTS.

1. Contempts are of two kinds, civil and criminal. The alleged contempt in this case is a civil and not a criminal contempt. The statute providing that no appeal shall be prosecuted from an order of court punishing a contempt applies only to criminal contempts. (Acts 1879, vol. 1, p. 198; Gen. Stats., ed. 1888, p. 394; Rapalje on Contempts, sec. 21; *ex parte* Robertson, 11 Am. St. Rep., 207; Acts 1851–2, pp. 87, 348; Johnston v. Commonwealth, 1 Bibb, 598; Bickley v. Commonwealth, 2 J. J. M., 572; Patton v. Harris, 15 B. M., 607; Turner v. Commonwealth, 2 Met., 619; Worden v. Scarls, 121 U. S., pp. 24–26; Romeyn v. Caplis, 17 Mich., 449; Whitten v. State, 13 Neb., 451; *in re* Hummell, 9 Watts, 416; Commonwealth v. Newton, 1 Grant, 454; Stuart v. People, 4 Ill., 395; Stokely v. Commonwealth, 1 Vir. Cases, 330; Lester v. People, 23 N. E., 387; *in re* Deatin, 105 N. C., 59; Myers v. State, 46 Ohio St., 473; People v. Hackley, 24 N.Y., 77; McCredie v. E. & R. Senior, 4 Paige, Ch'y, 382; Pitt v. Davidson, 37 N. Y., 235.)

2. The judgment appealed from is final. (Freeman on Judgments, sec. 34; Helm v. Short, 7 Bush, 625; McCredie v. E. & R. Senior, 4 Paige, Ch'y, 378.)

J. G. CARLISLE, NELSON & DESHA, FOR APPELLEE.

The judgment appealed from is not final. The sole object of the proceeding was to execute the judgment of 1885, and no order of the court which stops short of that can possibly be a final order. (Freeman on Judgments, secs. 14–29, 33, 34, 36; Fairthorne v. Wigginton, 11 B. M., 369; Gore v. Pettit, &c., 2 B. M., 25; Graham, &c., v. Nolan, &c., 2 J. J. Mar., 328; Helm v. Short, 7 Bush, 623; M. & L. R. Co. v. Punnett, 15 B. M., 47; Turner v. Browder, 18 B. M.; Callan v. May, 2 Black (U. S.), 541; Smith v. Trabue, 9 Peters, 4.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

In July, 1885, the appellee, the Newport Light Company, obtained a judgment in the Louisville Law and Equity Court against the appellant, the city of Newport, perpetually enjoining it from making any contract with any party for the lighting of its streets by gas or other-

wise during the continuance of the then existing contract between them for that purpose, and from ceasing to take gas as *per* the contract from the appellee.

The judgment was affirmed by this court.

In July, 1891, the appellee, through its president, obtained upon affidavit a rule against the mayor and councilmen of the city to show cause for contempt by disobeying the injunction.

July 13, 1891, their response was held insufficient and they adjudged to be in contempt. They were given until a certain day to purge themselves of the contempt by annulling a contract the city had made with another company for lighting its streets, etc., and by ceasing to use such light. They were also ordered to rescind a resolution of the council discontinuing the light furnished by the appellee, and to continue to take gas from it.

Four days after this judgment was rendered the appellants sued out an appeal from this court and superseded the judgment. Thereafter, and for the reason, doubtless, that under our Code an appeal can only be granted during the term at which it is rendered by the court rendering it, and which term in the Louisville Law and Equity Court expires sixty days from judgment, the appellants asked that court to grant them an appeal. It was refused; and after the expiration of the term they sued out another appeal from this court, and again superseded the judgment.

What had thus been done was made known to the lower court by a supplemental response, but it made the rule for contempt absolute, and awarded an attachment against the appellants; and the record before us shows that since then the court has entered a judgment commit-

ting the mayor and councilmen to jail for three months, unless they sooner comply with the judgment of July 13, 1891, the execution of it being suspended, however, until a certain day.

An appeal was also refused by the lower court from this last order.

The appellants are now asking that a rule, which they obtained from this court without the respective parties being then heard, against the appellees, for alleged contempt in disobeying the supersedeas upon the appeal by continuing to prosecute the contempt proceeding in the lower court, be made absolute.

They are also asking a rule for contempt against the judge of the lower court for proceeding, as is claimed, in violation of the supersedeas of this court; also a writ of prohibition to restrain further action upon his part; and in the event this court is of the opinion the judgment of July 13, 1891, is not of such a final character as to authorize an appeal from it, that then the judge of the lower court be ordered by this court to grant an appeal from the order committing the appellants to jail.

Upon the other hand the appellees are moving to dismiss the appeal; and whether this should be done is the only question we shall now determine, as doubtless the lower court will be governed in the future by the ruling of this court upon that question, thus rendering it unnecessary to consider the other motions.

It is urged that the appeal should be dismissed, first upon the ground that the judgment of July 13, 1891, was not a final one; and second, that it was merely one for contempt, and therefore no appeal lies from it.

The power of contempt is exercised for two purposes: first, to vindicate the dignity of the court for disrespect shown to it or its orders; and second, to compel the performance of some order or decree which the recusant party is able, but which he refuses, to perform.

This power is necessarily inherent in the court, is vital to its existence, and is not generally subject to revision by a higher court. Without it courts would be impotent and contemptible; and if its exercise were subject to the discretion of a superior, it would to a great degree be useless.

Contempts are, however, of two classes—those which are *in facie curiæ*, or direct, and those which are constructive or consequential; or, as said by some writers, civil and criminal.

It is said in Rapalje on Contempts, sec. 21: "Civil contempts are those *quasi* contempts which consist in failing to do something which the contemnor is ordered by the court to do for the benefit or advantage of another party to the proceedings before the court, while criminal contempts are all those acts in disrespect of the court or of its process, or which obstruct the administration of justice or tend to bring the court into disrespect."

A civil contempt must usually be brought to the notice of the court by affidavit, as was done in this case, and is rather to be looked upon as a civil proceeding for the benefit of the other party, although in name a contempt of court.

The proceeding in this instance is of this character; and the action of the lower court in refusing an appeal and disregarding the one taken is doubtless due to a

belief that its action affects the party only as to a contempt. This view is incorrect.

In the case of Bickley v. Commonwealth, 2 J. J. Mar., 574, which was a criminal contempt, it was held that while this court ought not to retry a question of contempt or no contempt, yet it had power to correct and revise an illegal sentence or judgment pronounced against such an offense. And in Turner v. Commonwealth, 2 Met., 619, this doctrine was reaffirmed, although the latter case was decided since the enactment of our statute providing that no appeal shall be taken to this court from a judgment punishing a contempt.

This case does not, however, require us to go so far·as to consider that question; and we by no means must be understood as holding that this court may take the place of the lower court in every case of contempt for every purpose. Here, however, the parties appeared and filed their response. It was held insufficient upon demurrer, and its statements are therefore to be taken as true. They contended that what they had done did not violate the injunction. They relied upon an alleged changed *status* of the parties, upon an alleged modification of the contract between the city and the appellee, and certain acts · of the Legislature.

The court, by the judgment of July 13, 1891, adjudged against all these matters, and held the parties to be in contempt. They were even required, by way of purging themselves of the contempt, to annul a contract the city had made with another party, which perhaps is impossible. It fixed the rights of the parties. It determined that the defenses relied upon by them were not valid. It was more than a mere step toward the enforcement of

the judgment of 1885. It did not, as urged by the distinguished counsel for the appellee, merely restore the *status* of the parties as it existed before the alleged violation of the injunction. It did more than this; it passed upon certain alleged rights of the city claimed to have arisen since the judgment of 1885 was rendered, and to this extent it certainly finally determined the rights of the parties.

It is as if the receiver of a court, having been ordered to pay over to a party money which he at least at one time had in his hands, responds that he has already paid it to the party. The court upon hearing determines that he has not, and the receiver declining to comply with the order of the court, when he could do so if he would, is adjudged in contempt. Certainly it will not be claimed that he could not appeal from the judgment.

We do not now determine whether the response in this case was sufficient or not; that is a question upon which the parties should be heard in this court, and all that is now determined is that the appellants had the right to appeal from the judgment of July 13, 1891, and that they are entitled to be heard in this court upon the questions involved in the appeal.

The motion to dismiss it is therefore overruled. The other motions are held under advisement.