## Hall v. Hall.

(Decided Nov. 15, 1932.)

JOHN W. CAUDILL and C. P. STEPHENS for appellant.
CLARK PRATT for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal is the sequence of a judgment entered for alimony and maintenance in the Knott circuit court in the action of Mary Hall v. Town Hall. An order was entered in November, 1930, allowing Mary Hall $35 the month for the support of herself and three children during the pendency of the action, and directing Town Hall to pay it. It was not paid, and, in March, 1931, a rule was issued requiring him to show cause, if any he had, why he had not paid the allowance. The order of the court directed his arrest. He was arrested and escaped custody; again arrested and appeared in court, and responded to the rule against him, which the court held was insufficient. He was committed to jail for failing to comply with the court's order; he paid $50 of the allowance and was released. Thereafter he continued to fail to pay the monthly allowance. On the

final trial of the action, permanent alimony and maintenance were allowed by an order of court. Again in 1932, a hearing was had concerning his ability to pay the allowances. It is alleged in the petition in the present proceeding that he was in open court and refused to pay any of the allowances to his wife or to comply with the court's order; thereupon the court adjudged him guilty of contempt, and committed him to jail in Knott county to be confined "until he purged himself of contempt."

The pleadings, orders, and judgment in the action for divorce and alimony are made a part of the petition in this proceeding, but neither of them is a part of the record presented to this court. Evidence was heard. It is here as part of the record. It affords no assistance in the determination of the issue presented by the uncontroverted petition. After Hall was confined in jail for the contempt of court, alleged to have been committed by him in open court, he made application to the presiding judge of the county court for a discharge as authorized by section 2180, Ky. Stats.

This action was filed asking the issuance of a writ of prohibition under section 479, Civil Code of Practice, to prevent his discharge from jail by orders of the presiding judge of the county court under section 2184, Ky. Stats. The circuit court granted the writ, and from the order granting it, this appeal is prosecuted. It is argued by Hall that he was imprisoned by the chancellor "to compel the payment of money under a judgment of such court," and that section 2180, Ky. Stats., confers jurisdiction on the presiding judge of his county court to receive his petition for discharge, and, on a hearing thereon, it was within his jurisdiction to discharge him forthwith, and that the writ of prohibition should not have been awarded.

Section 479, Civil Code of Practice, defines "writ of prohibition" in this language:

"A writ of prohibition is an order of the circuit court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction."

In Napier v. Napier, 198 Ky. 233, 248 S. W. 529, an order requiring the husband to pay stated sums of money for the separate maintenance of his wife was

held a judgment for debt within the meaning of sections 2180-2185, Ky. Stats., inclusive, and that these sections were available to the contemnor. Hembree v. Hembree, 208 Ky. 658, 271 S. W. 1100; Burnam v. Com., 228 Ky. 410, 15 S. W. (2d) 256.

It is clear that, if Hall was imprisoned by the order of the court to compel the payment of money under the judgment of that court, the circuit court was without jurisdiction to grant the writ. Section 2184, Ky. Stats.; Section 479, Civil Code of Practice; Thomas v. Davis, 110 S. W. 408, 33 Ky. Law Rep. 569; Potter v. Gardner, 222 Ky. 487, 1 S. W. (2d) 537; Com. v. Weissinger, 143 Ky. 368, 136 S. W. 875; Wright v. Hazard, 232 Ky. 407, 23 S. W. (2d) 590; Bell v. Carter, 222 Ky. 734, 2 S. W. (2d) 389.

In Roper v. Roper, 242 Ky. 658, 47 S. W. (2d) 517, 519, this court recently reviewed the jurisdiction of courts of equity to enforce their orders and decrees for alimony and maintenance in divorce proceedings by summary mode, attachment and imprisonment for contempt. It was therein written:

> "Punishment of the husband or father for contempt on this account is a remedial process, often the only effective one to secure a wife and child the maintenance that has been awarded them, and is necessary to the administration of justice. It is not an imprisonment for debt, strictly speaking."

If Hall refused in open court to obey the orders of the court entered for the benefit of Mary Hall, such was a willful act and constituted a contempt of court. Livingston County v. Crossland, 229 Ky. 733, 17 S. W. (2d) 1018; Ketcham v. Com., 204 Ky. 168, 263 S. W. 725. A civil contempt is the failure to do something ordered by the court to be done in a civil action for the benefit of the opposing party therein. Ketcham v. Com., supra. The charge in the petition is that Hall committed a contempt of court by refusing in open court to comply with the order of the court and that he was committed to jail until he purged himself of such contempt. In the absence of the order committing him to jail, and without a denial of the allegations of the petition, we are constrained to hold that he was held in jail for a contempt committed in open court, and not imprisoned for a violation of the order directing the payment of the money under the judgment of the court within the pur-

view of section 2184, Ky. Stats. The declaring in open court his intention and purpose to disobey the valid order of the court was such an interference with the administration of justice as to constitute a contempt. Whitman v. Ky. Central Life & Acc. Ins. Co., 232 Ky. 173, 22 S. W. (2d) 593.

The court had inherent power to punish him for the contempt, without the intervention of a jury, notwithstanding section 1291, Ky. Stats., limits such power to instances where the fine does not exceed $30 or the imprisonment, 30 hours. Talbott v. Com., 207 Ky. 749, 270 S. W. 32.

Under such circumstances it was within the inherent power of the court to commit Hall to jail for the contempt until he purged himself to the satisfaction of the court. From such order committing him to jail for such contempt, the presiding judge of the county court was without jurisdiction to discharge him. If the trial court, in entering the order declaring him guilty of the contempt, and committing him to jail therefor until he purged himself of the contempt, erred to the prejudice of his substantial rights, such order is reviewable on appeal to this court to the extent of determining that it was illegal, excessive, or cruel. Turner v. Com., 2 Metc. 619; Patton v. Harris, 15 B. Mon. 607; Rebhan v. Fuhrman, 50 S. W. 976, 21 Ky. Law Rep. 17; Adams v. Gardner, 176 Ky. 252, 195 S. W. 412; Edge v. Com., 139 Ky. 252, 129 S. W. 591; Landsown v. Landsown, 12 Ky. Law Rep. 509. An application for discharge under section 2180 was not the proper remedy.

Judgment affirmed.