## Lisanby v. Wilson, Judge.

Dec. 8, 1939.

Alvin Lisanby and J. G. Lisanby for petitioner.

Frederick Olszweski and George M. Dearing for respondent.

OPINION BY JUDGE TILFORD—Dismissing petition.

This is an original proceeding in this Court for a Writ of Prohibition against the Judge of the Fourth Judicial District seeking to prohibit him from punishing the Petitioner, a member of the Bar of this State, for contempt of court alleged to have been committed in the following manner:

On June 9, 1939, in a suit theretofore instituted by certain beneficiaries of the will of Nannie R. Catlett against the Executor of the will and other beneficiaries, the Caldwell Circuit, presided over by the respondent, entered a judgment holding unauthorized and directing the cancellation of a deed theretofore made by the Executor to Mrs. Necie Catlett Poston and Mrs. Bettie Catlett Johnston, two of the beneficiaries, but awarding Mrs. Poston and the heirs of Mrs. Johnston, who had died in the interim, a lien on the rental income from the real estate conveyed, to secure the payment of $576.16, which the judgment recited was the balance of a bequest to Mrs. Johnston and Mrs. Poston, in satisfaction of which the Executor had attempted to convey the real estate. In an exhaustive opinion delivered some days prior to the entry of the judgment, the Court had stated that a receiver should be appointed to collect the rents and manage the property, but no provision for such appointment was made in the judgment, which was prepared by counsel and entered without having been read by Respondent. On July 7th, the petitioner, as attorney for the guardian, wrote to several of the tenants a letter notifying them that the court had adjudged that the property did not belong to Mrs. Poston and Mrs. Johnston but to his clients and that it would be proper to pay the rent to the guardian. On August 15th, Mrs. Poston and Mrs. Johnston filed a motion in the action stating

that it was their intention to appeal from the judgment cancelling the deed, and requesting the appointment of a receiver to manage and preserve the property pending the appeal. On August 16th, the Court overruled this motion, and on his own motion appointed a receiver of his own selection. It is alleged by the respondent in his response that at this hearing he read to the petitioner that portion of the opinion in which it was stated that a receiver should be appointed, and asked him "Why wasn't that done?" Whereupon, the petitioner, with a wave of his hand, replied, "Why, just none of the parties wanted any receiver." Following the entry of the order appointing the receiver, the plaintiffs in the suit executed a supersedeas bond, superseding not only that portion of the original judgment, which awarded the defendants $576.16, but the order of August 16th, appointing the receiver. On September 2nd, a notice was served upon Grover Hogan, one of the tenants, Mrs. Catlett, and the respondent, that on September 8th, the receiver appointed by the Court would move the Court for a rule against them, and in the motion recited that they had refused to recognize the receiver appointed by the Court and had refused to cease interfering with the receiver's functions, duties, and activities, and that the tenants had refused to pay the rent to the receiver and had continued to pay it to Mrs. Catlett. After a hearing in which the petitioner had participated, the Court entered an order reciting the appointment of the receiver, the execution of the supersedeas bond, and concluding with the following statement:

"It therefore follows, that, the supersedeas bond executed by Plaintiffs before the Clerk of this court affords no protection to Plaintiffs as to the *receivership*, and all parties resisting or hindering the Receiver in the full *performance* of her duties under the order appointing her and providing that she collect the rents, pay taxes, carry out the contracts of rental, etc., are in contempt of this court (not wilfully so perhaps but whatever motive prompts, the fact remains that they are preventing the Receiver from carrying out the orders of the court, and *performing* her duties as defined by the court. This contempt may be purged by all parties cooperating with the Receiver in carrying out the order of the Court, and paying all rents to the Receiver, and allowing her to discharge her duties under the order

of the court; otherwise, the court will take proper steps to punish all parties thus refusing, and this motion is held up and continued as to the matter of punishment in the event of a failure of any of the parties refusing to comply with this order and opinion. This shall apply to Mrs. Dollie M. Catlett, her counsel, and Glover Hogan and all other tenants of the "Leader Property." The Clerk will record this opinion and order and same shall be in effect from the recordation of same. The Receiver is authorized to employ Mr. Geo. *Deating* as her Atty. This the 15th day of September, 1939."

The petitioner dwells upon the fact that no rule was ever issued against him, and insists that he intended no disrespect to the Court, but in good faith, after consultations with members of the family, believed, until he was advised to the contrary in August, that the appointment of a receiver was not desired. He was also of the belief that the execution of the supersedeas bond superseding the appointment of the receiver as well as the monetary judgment and the issual of a supersedeas thereon, had the effect of suspending the powers of the receiver during the pendency of the appeal to this Court.

The respondent in his answer stated that at the hearing which resulted in the order adjudging Petitioner and his client and the tenant guilty of contempt, neither Mrs. Catlett nor the petitioner offered any testimony or attempted to refute the testimony of the receiver, but, on the contrary, admitted the interference charged, and predicated the opposition to a contempt rule upon the fact that petitioner's clients had executed a supersedeas bond which operated to stay and supersede the judgment in favor of the defendants in the action, as well as the appointment of the receiver. It should be noted that the testimony is not before us, and the foregoing summary of the facts is based upon the allegations of the petition and the answer.

Section 298, Civil Code of Practice, expressly provides that an order appointing a receiver shall not be superseded, and hence it follows that the petitioner was not justified by the execution of this bond in interfering with the receiver in the discharge of his duties. At the same time it is manifest that his actions, whatever they may have been, subsequent to the execution of the supersedeas, were in good faith induced by his belief that the execution of the bond stayed the operation of the receiv-

ership. He is also mistaken in his belief that no judgment for contempt could be entered against him legally until a rule against him had been issued. The fact that he had been given notice of the motion for the contempt rule and had been heard in his defense was sufficient to give the Court jurisdiction. Henry v. Wilson, 249 Ky. 589, 61 S. W. (2d) 305.

Moreover, he has not been punished for contempt, and we find nothing in the record to justify his fear that he will be imprisoned or otherwise irreparably injured. True, the Court found him guilty of contempt, but expressly stated in its order that this contempt could be purged by his future co-operation with the receiver in carrying out the Court's order, and we have no doubt that such co-operation will afford him the protection which he desires.

While it seems to us that there is little need to continue the services of a receiver when the monetary judgment, to aid in the collection of which the receiver was appointed, has been superseded, nevertheless the Court had full authority to make the appointment prior to the execution of the bond and to continue the receivership after its execution, and hence the petitioner, since the supersedeas was ineffective to stay the receivership, was not at liberty to interfere therewith. By so interfering he was guilty of a criminal contempt as distinguished from a civil contempt, and has a remedy by appeal. Hall v. Hall, 246 Ky. 12, 54 S. W. (2d) 391; Williams v. Howard, 270 Ky. 728, 110 S. W. (2d) 661; Marcum et al. v. Commonwealth et al., 272 Ky. 1, 113 S. W. (2d) 462. Although a judgment punishing one for contempt of court may not be superseded, and this Court on appeal is limited to a determination of whether the penalty was legally imposed or was excessive as distinguished from the question of the appellant's guilt or innocence, this court is authorized by the Constitution, Section 110, to issue writs of prohibition, not only where the lower court is proceeding outside of its jurisdiction, but where it is acting within its jurisdiction, though erroneously, and great and irreparable injury will result to the applicant and there exists no adequate remedy by appeal or otherwise. Partin v. Gilbert, Judge, 275 Ky. 19, 120 S. W. (2d) 667. Because of the inadequacy of the remedy by appeal in contempt proceedings, we have not hesitated to issue a writ to prohibit punishment for contempt whenever a proper case for the exercise of this power

has been presented to us. In the present case, however, not only was the trial Court acting within its jurisdiction, but properly endeavoring to enforce compliance with its orders. Whether the contempt committed by the petitioner was in fact intentional we need not attempt to decide. It is sufficient to say that Respondent apparently did not so regard it, and there is no indication that irreparable injury is to be inflicted upon the petitioner.

The petition is dismissed.