**LOCAL NO. 181, HOTEL & RESTAURANT EMPLOYEES UNION et al. v. MILLER.**

Court of Appeals of Kentucky.
June 12, 1951.

Leon J. Shaikun, Herbert Segal, Louisville, for petitioners.

Charles I. Dawson, Thomas S. Dawson, Richard Dawson, Bullitt, Dawson & Tarrant, all of Louisville, for respondent.

CULLEN, Commissioner.

This is an original proceeding in this Court, in which the petitioners pray for a writ of prohibition restraining the respondent, judge of the Jefferson Circuit Court, from enforcing and carrying out a judgment entered in contempt proceedings, or, in the alternative, for a writ of mandamus to compel the circuit judge to grant to the petitioners an appeal from the judgment. The petitioners are certain labor unions and officers and employees of labor unions. For convenience the petitioners will be referred to in this opinion as the "union".

The petition alleges that in certain actions in the Jefferson Circuit Court, in which the Brown Hotel Company and the Broadway and Fourth Avenue Realty Company were plaintiffs and the union was

defendant, which actions arose out of a labor dispute between the plaintiffs and the union, and which actions were consolidated for purpose of trial, a permanent injunction was entered on April 5, 1951, enjoining the union from engaging in acts of violence, intimidation or coercion against the property of the plaintiffs and the officers and employees of the plaintiffs, and enjoining the union from maintaining more than a specified number of pickets around the properties of the plaintiffs, particularly the Brown Hotel and the Kentucky Hotel. The petition further alleges that on May 7, 1951, the plaintiffs in the injunction proceedings moved the Jefferson Circuit Court for a rule against the union to appear and show cause why the union should not be punished for contempt, for violation of the injunction; that a rule was issued, a hearing was held and the court thereafter on May 24, 1951, entered a judgment in the contempt proceedings. The judgment is set forth in the petition. The judgment consists of the following:

1. An adjudication that the union has violated the permanent injunction in the respects and in the manner set out in the motion for a contempt rule.

2. A finding that while the picketing has in all substantial particulars been peaceful picketing, as required by the permanent injunction, the evidence establishes that the peaceful picketing has been conducted and maintained in a setting of violence, intimidation and other lawless acts directly attributable to the union.

3. An adjudication that all picketing of the plaintiffs' premises be enjoined and prohibited; "provided, however, this portion of the order will not become effective unless and until the Court finds from evidence submitted to it, upon notice to the unions, that since the entry of this order the unions and their members, or some of them, have been guilty of some other act in violation of the permanent injunction heretofore granted herein, or unless and until the unions fail to execute a bond hereinafter required, in either of which events all picketing shall immediately terminate."

4. An order that the unions, on or before 10 a. m. on May 24, 1951 (the day on which the judgment was entered), execute bond in the penal sum of $25,000, obligating the union to pay to the plaintiffs in the injunction proceedings, and to any other persons injured by subsequent acts in violation of the injunction, any damages sustained as a result of such subsequent acts of violation.

As grounds for the issuance of a writ of prohibition, the petition alleges that the circuit court had no jurisdiction to punish for contempt other than by imposing a fine of $30 or imprisonment for 30 hours; that by reason thereof the circuit judge is proceeding beyond his jurisdiction; and that the circuit judge has proceeded, is proceeding, and will in the future continue to proceed to enforce the terms of the judgment of May 24.

As grounds for the issuance of a writ of mandamus, the petition alleges that if this Court should be of the opinion that the circuit court had jurisdiction to enter the judgment of May 24, then the union is entitled to appeal from that judgment; that the union duly prayed an appeal from the judgment and that the circuit judge refused and continues to refuse to grant an appeal. On this point, the petition seems to take the position that the judgment of May 24 perhaps constituted an order modifying the permanent injunction, but that in any event, whether the order was one punishing for contempt or one modifying the permanent injunction, the union is entitled to appeal and the circuit judge should be compelled by mandamus to grant an appeal.

The circuit judge, as respondent in the proceedings in this Court, filed a demurrer to the petition.

An orderly approach to the issues involved in this proceeding seems to require that a determination first be made as to whether the judgment of May 24 was a judgment punishing for contempt or was an order modifying the permanent injunction of April 5. We can reach no other conclusion than that the judgment was one punishing for contempt. The judgment

was entered pursuant to a rule to show cause why the union should not be punished for contempt. The judgment found that the union had violated the permanent injunction and was in contempt. As a consequence of the contempt, the court ordered that all picketing be enjoined and prohibited, unless a bond be executed, and further ordered that the bond be executed. This judgment did not modify or affect the permanent injunction, but rather imposed new and additional sanctions upon the union over and above those imposed by the permanent injunction. The judgment was predicated upon a violation of the permanent injunction and found the source of its validity in the continuing existence of the permanent injunction. The judgment did not purport to be an order modifying the permanent injunction, and we conclude that it was not such an order.

■ Taking up now the issues raised on the petition for a writ of prohibition, the question is whether the circuit judge is proceeding or threatening to proceed without his jurisdiction, or erroneously within his jurisdiction, for protection from which the petitioner has no adequate remedy by appeal. It is axiomatic that this Court will not issue a writ of prohibition unless the inferior court is proceeding or threatening to proceed beyond its jurisdiction, and there is no adequate remedy by appeal, or unless the inferior court is proceeding erroneously within its jurisdiction, from which great and irreparable injury will result and for relief from which there is no adequate remedy by appeal. The petition here is based upon lack of jurisdiction, and does not allege that the circuit judge is proceeding erroneously within his jurisdiction from which great and irreparable injury will result. The fact is, that we would be unable, in this particular case, to determine whether the circuit judge is proceeding erroneously within his jurisdiction, unless we had the record before us.

The petitioners base their claim of lack of jurisdiction on the theory that the circuit judge, under KRS 432.260, can not impose a fine of more than $30 or imprisonment for more than 30 hours for contempt, without the intervention of a jury.

■ The primary purpose of the contempt proceeding in this case was not to preserve the power and vindicate the authority of the court by punishing the defendants for an act of disobedience, but was to enforce the performance of an act for the benefit of opposing parties to pending litigation. The proceeding therefore was one for civil contempt. Allen v. Black Bus Lines, 291 Ky. 278, 164 S.W.2d 482.

We have held on several occasions that KRS 432.260 does not restrict the powers of the court as to the *character* of coercive measures that may be resorted to in cases of civil contempt. Crook v. Schumann, 292 Ky. 750, 167 S.W.2d 836; Marcum v. Com., 272 Ky. 1, 113 S.W.2d 462. In the Crook case, this court held that a circuit court had jurisdiction, in a contempt proceeding, to strike the pleadings of the party who was in contempt. In 12 Am.Jur., "Contempt," Section 62, page 430, there are references to cases from other jurisdictions to the effect that punishment for contempt may take the form of a coercive order compelling the person in contempt to do or refrain from doing some act.

■ It is our opinion that the circuit judge was not acting beyond his jurisdiction in imposing upon the union, as a consequence of its contempt in violating the permanent injunction, the sanctions that were imposed by the judgment of May 24. The petitioners do not seem to take the position that the court could not in any circumstances enjoin the union from maintaining any picketing. However, we may say in passing that the Supreme Court of the United States, in Milk Wagon Driver's Union v. Meadowmoor Dairies, 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836, held that peaceful picketing may be enjoined when it is being conducted in a background of violence.

We turn now to the issues raised upon the application for a writ of mandamus to compel the circuit judge to grant an appeal from the judgment of May 24. There is considerable discussion in the briefs upon the question of whether, under KRS 21.060, an appeal lies to this court from a judgment punishing for contempt, and on behalf of

580

the respondent it is contended that in those cases in the past where this Court has taken jurisdiction of such appeals, the provisions of the statute have been ignored.

■ We are not disposed at this time to depart from the long line of cases in which we have held that an appeal may be taken from a judgment punishing for civil contempt, at least where, as in this case, the judgment is coercive rather than punitive in character.

We are of the opinion that the petitioners are entitled to appeal from the judgment of May 24, 1951, and that they are entitled to a writ of mandamus to compel the appeal to be granted.

■ The petitioners, by the allegations of their petition, appear to be under the impression that Section 747 of the Civil Code of Practice will be applicable upon the appeal being granted. In order to eliminate any misunderstanding on this point, and to guide the parties and the circuit court in their further proceedings, we will state that it is our opinion that Section 747 is not applicable. The appeal to be granted by the circuit court will not be an appeal from a judgment granting, modifying, perpetuating or dissolving an injunction, but from a contempt judgment. The fact that the contempt judgment may take the form of an order directing the offending parties to do or to refrain from doing some act, does not make the judgment one granting an injunction, within the meaning of the Code provision.

■ For further guidance of the parties, we will point out that a judgment punishing for contempt may not be superseded. Kindt v. Murphy, 312 Ky. 395, 227 S.W.2d 895; Marcum v. Com., 272 Ky. 1, 113 S.W. 2d 462; Lisanby v. Wilson, 280 Ky. 768, 134 S.W.2d 651.

The motion for a writ of prohibition is overruled. The motion for a writ of mandamus is sustained, and a writ will issue directing the respondent circuit judge to grant an appeal from the judgment of May 24, 1951. In view of the circumstances, the writ will issue forthwith.