**LEVISA STONE CORPORATION,**
Petitioner,

v.

**Hon. J. L. HAYS, Judge Letcher Circuit Court, Respondent.**

Court of Appeals of Kentucky.

June 14, 1968.

Harry M. Caudill, Whitesburg, for petitioner.

John Cornett, Hogg & Cornett, Whitesburg, for respondent.

CLAY, Commissioner.

This is an original proceeding for a writ of prohibition to restrict respondent from enforcing a contempt order imposing a fine of $1,000 upon petitioner.

In two consolidated actions, by agreed judgments petitioner was enjoined from doing certain acts in connection with its quarrying operations which had caused damage to the plaintiffs in those actions. On a motion for a rule to show cause why petitioner should not be adjudged in contempt, a hearing was held and the Chancellor found the petitioner had repeatedly violated the injunctions, found petitioner in contempt of court, and ordered petitioner to pay a fine of $1,000 for which execution "may" issue.

It is petitioner's contention that the respondent has violated KRS 432.260(1) which limits the punishment that may be imposed without the intervention of a jury, and in doing so has proceeded beyond its jurisdiction; that the remedy by appeal is inadequate because the contempt order cannot be superseded; and that it is being deprived of its property without due process of law.

Among other things, respondent questions the constitutionality of KRS 432.-260(1).

Our extensive research into the law of contempt as set forth in our decided cases has led us into an almost incomprehensible maze of inconsistent theories, both procedural and substantive.[1] We deem it appropriate to examine the subject in depth in an attempt to re-establish certain uniform governing principles.

At the threshold we are met with the problem of procedure in obtaining appellate review. KRS 21.060(1) provides that appeals may be taken to this court as a matter of right from all final orders and judgments of circuit courts in civil cases except "(c) Judgments punishing contempts". From an early date this statute has been construed as relating to *criminal* contempts and not to *civil* contempts. Rebham v. Fuhrman, 139 Ky. 418, 50 S.W. 976, 21 Ky.Law Rep. 17; Adams v. Gardner, 176 Ky. 252, 195 S.W. 412, and cases cited therein; Allen v. Black Bus Lines, 291 Ky. 278, 164 S.W.2d 482; Local No. 181, etc. v. Miller, Ky., 240 S.W.2d 576; Teamsters Local U. No. 783 v. Coca-Cola Bottling Co., Ky., 418 S.W.2d 228. This court has also entertained appeals from orders of the trial court declining to punish for *civil* contempt. Roper v. Roper, 242 Ky. 658, 47 S.W.2d 517; Gibson v. Rogers, 270 Ky. 159, 109 S.W.2d 402.

The accepted distinction between civil and criminal contempts is thus quoted in Jones v. Commonwealth, 308 Ky. 233, 213 S.W.2d 983, 985:

"Civil contempts are those quasi contempts which consist in failure to do something which the contemnor is ordered by the court to do for the benefit or advantage of another party to the proceeding before the court, while criminal contempts are all acts in disrespect of the court or its process which obstruct the administration of justice, or tend to bring the court into disrepute."

Some confusion has been created by opinions of this court which recognize a limited right of appeal from judgments punishing for *criminal* contempt on the ground the punishment was either "illegally imposed" or was "excessive". French v. Commonwealth, 97 S.W. 427, 30 Ky. Law Rep. 98; Williams v. Howard, 270

---

[1]. Other jurisdictions have had comparable difficulties. See 121 A.L.R. 215. State ex rel. Oregon State Bar v. Lenske, Oregon, 407 P.2d 250.

Ky. 728, 110 S.W.2d 661; Lisanby v. Wilson, 280 Ky. 768, 134 S.W.2d 651, 653. In the first of these cases a jury had imposed a $5,000 fine, and in the other two the court entertained an original proceeding for a writ of prohibition. Since the judgment before us arises out of *civil* contempt, it is unnecessary for us to reconsider the soundness of the above three opinions, although we are inclined to the view that with respect to *criminal* contempts the statute means what it says [2] and that the only proper avenue of appellate review, if any exists, is by an original proceeding in this court (as was initiated in the last two cases cited). However that may be, as we have heretofore consistently held, the statute does not deny the right of appeal from judgments punishing for *civil* contempts.

A question of jurisdictional amount under KRS 21.060 could be raised but in Allen v. Black Bus Lines, 291 Ky. 278, 164 S.W.2d 482, and Crook v. Schumann, 292 Ky. 750, 167 S.W.2d 836, it was held the jurisdictional amount limitation did not apply to contempt proceedings. It may be here observed that contempt proceedings are in a class by themselves and the many problems presented arise from attempts to apply ordinary rules of practice and procedure. Such proceedings, involving unique aspects, are in a special category and we shall so treat them.

The case before us is an original proceeding for a writ of prohibition. Ordinarily, if a party has a remedy by appeal, we will not entertain such a petition. Childers v. Stephenson, Ky., 320 S.W.2d 797; Swain v. Reid, Ky., 342 S.W.2d 687. However, because of the confusing state of our law with respect to the significant questions here presented, in the exercise of our supervisory power under section 110 of the Kentucky Constitution we deem it appropriate to enter-

tain this petition. See Commonwealth ex rel. Meredith v. Murphy, 295 Ky. 466, 174 S.W.2d 681; Brumfield v. Baxter, 307 Ky. 316, 210 S.W.2d 972; Schaetzley v. Wright, Ky., 271 S.W.2d 885; Harrod v. Meigs, Ky., 340 S.W.2d 601.

It may be noted here that one of the grounds for seeking relief in this original proceeding is that the remedy by appeal is inadequate because the contempt order cannot be superseded. The lack of a right to supersede such an order was alluded to in Lisanby v. Wilson, 280 Ky. 768, 134 S.W.2d 651; Marcum v. Commonwealth, 272 Ky. 1, 113 S.W.2d 462; and Local No. 181, etc. v. Miller, Ky., 240 S.W.2d 576. In City of Newport v. Newport Light Co., 92 Ky. 445, 17 S.W. 435, such a judgment was superseded. We are aware of no valid reason why a judgment imposing a fine for civil contempt cannot be superseded.

It is true KRS 432.270 provides that "A person committed to prison for contempt shall not be admitted to bail". We construe this statute as applying to a person committed for *criminal* contempt. It was enacted in 1873 along with the predecessors to KRS 21.060(1) (heretofore discussed) and KRS 432.260(1) (hereinafter discussed), and it is apparent the legislature in writing these laws was consistently thinking in terms of *criminal* contempt. In any event, no statute or civil rule forbids superseding a judgment imposing a fine for civil contempt, and we do not conceive a public policy commands denial of such relief. (The purpose of summary *imprisonment* under KRS 432.260(1) does justify, as a matter of public policy, the denial of bail provided in KRS 432.270.) We therefore overrule those cases which declare a contempt order imposing a fine for civil contempt cannot be superseded.

Though we now hold the judgment under consideration could have been super-

---

2. The legislature may properly deny a right of appeal. Drury v. Franke, 247

Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917; Holcomb v. Mayes, Ky., 290 S.W.2d 486.

seded, and petitioner had a right of appeal, as before noted we deem it appropriate to consider the merits of the controversy. See Lisanby v. Wilson, 280 Ky. 768, 134 S.W.2d 651.

■ This brings us to the principal statute involved, KRS 432.260(1), which provides:

"A court shall not impose a fine of more than thirty dollars or imprisonment for more than thirty hours for contempt without the intervention of a jury."

For a great number of years an accepted theory was that this statute did not apply to *civil* contempts. In Rebham v. Fuhrman, 139 Ky. 418, 50 S.W. 976, 21 Ky.Law Rep. 17, it was held the statute "only applies to criminal proceedings for contempt".[3] In Marcum v. Commonwealth, 272 Ky. 1, 113 S.W.2d 462, which involved a civil contempt, the statute was ignored. In Tucker v. Commonwealth, 299 Ky. 820, 187 S.W.2d 291, it was assumed that if the contempt was *civil* in nature, the statute did not apply. It has been held not to apply to cases of *civil* contempt where the punishment was coercive in character. Local No. 181, etc., v. Miller, Ky., 240 S.W.2d 576.

In Hall v. Hall, 246 Ky. 12, 54 S.W.2d 391, which involved *criminal* contempt, it was held the statute did not apply. In Jones v. Commonwealth, 308 Ky. 233, 213 S.W.2d 983, 987, it was explicitly held that this statute "applies to all contempts, whether civil or criminal * * *".

After careful reconsideration of the question we are convinced that the earlier view of this court first expressed in Rebham v. Fuhrman, 139 Ky. 418, 50 S.W. 976, 21 Ky.Law Rep. 17, was sound and the statute applies only to *criminal* contempts. We give our reasons for this conclusion.

This statute had its origin in Chapter 29, General Statutes 1873, entitled "Crimes and Punishments" (Article 27). While the legislature did not create the crime, it recognized that certain direct contempts constituted public offenses which could be punished summarily as a crime. A subsequent legislature, in Chapter 219, Article 5, Acts of 1893, recognized the right of an equity court to enforce its judgments "according to the ancient practice of courts of chancellery". (This is now KRS 426.430.) The enforcement of orders and judgments in equitable justiciable controversies falls within the *civil* contempt category. See Rebham v. Fuhrman, 139 Ky. 418, 50 S.W. 976, 21 Ky. Law Rep. 17; Rudd v. Rudd, 184 Ky. 400, 214 S.W. 791; Hall v. Hall, 246 Ky. 12, 54 S.W.2d 391; Barrett v. Barrett, 287 Ky. 216, 152 S.W.2d 610; Local No. 181, etc. v. Miller, Ky., 240 S.W.2d 576.

It should be noted that KRS 432.260 is not the only statute fixing the degree of punishment for contempt. KRS 432.230 restricts the punishment of witnesses, jurors and officers of courts for certain specific contemptuous acts to a fine or "not more than thirty dollars". KRS 421.140 limits the punishment of witnesses for disobedience of a subpoena to a fine not exceeding $30 and imprisonment not exceeding 24 hours. There are other statutes which authorize injunctions to enforce particular laws and prescribe the nature of the punishment which may be imposed for violations thereof.[4] KRS 233.990 provides that a person violating an injunction against maintaining a house of prostitution may be fined as much as $1,000 or confined in the county jail as much as six months, or both, without the

---

3. Strangely enough, that case was one of *criminal* contempt, as we much later observed in Jones v. Commonwealth, 308 Ky. 233, 213 S.W.2d 983.

4. These proceedings are not truly equitable in nature, and a question could be raised as to the constitutional validity of statutes which require courts to invoke the injunctive and contempt process to enforce criminal laws.

intervention of a jury. Under KRS 211.-184, for the violation of an injunction relating to the treatment of cancer, a person may be punished for contempt without limitation and without the intervention of a jury. All of these statutes relate to *criminal* contempts.

Thus it is reasonable to construe the statute we are considering as strictly limited to punishment for what is in the nature of a crime (a *public* offense) and it does not purport to affect the coercive power of an equity court to compel compliance with its orders by punishment or otherwise.

Another cogent reason why this statute should be construed as applying only to *criminal* contempts is because of the very serious question of its constitutionality under the separation of powers doctrine (Kentucky Constitution, sections 27 and 28) if it was held to apply to *civil* contempts.

A court's power to punish for contempt goes far back into English history, although the precedent has been questioned. Goldfarb, The Contempt Power (page 24). That the judiciary does have such an inherent power is hardly open to question. 17 Am.Jur.2d, section 62 (page 62); Arnold v. Commonwealth, 80 Ky. 300, 44 Am.Rep. 480, 3 Ky.Law Rep. 784; Crook v. Schumann, 292 Ky. 750, 167 S.W.2d 836; Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622. Whether the legislature may properly impose limitations upon the exercise of this power is such a serious and delicate question that decisions from other jurisdictions form a most variegated pattern. See Thomas, Problems of Contempt of Court, chapter 6 (page 47); 121 A.L.R. 215; and State ex rel. Oregon State Bar v. Lenske, Oregon, 407 P.2d 250. Goldfarb, The Contempt Power, is a book devoted

to the proposition that it is necessary for many reasons that there be a limitation of some kind upon the exercise of this power.

In Kentucky this question was first raised in 1874 in In re Woolley, 74 Ky. (11 Bush) 95. There the respondent was proceeded against by rule for what constituted a *criminal* contempt of the Court of Appeals. Since the court fined the respondent only $30, it was unnecessary to decide if the legislature under an earlier statute similar to the one under consideration could so limit the judicial power. However, the opinion expressed serious doubts concerning the statute's constitutionality, even with respect to *criminal* contempts. Arnold v. Commonwealth, 80 Ky. 300, 44 Am.Rep. 480, 3 Ky.Law Rep. 784, likewise involved *criminal* contempt. There a jury was impanelled and a fine of $1,000 was imposed. The opinion questioned the right of the legislature to regulate the imposition of punishment for contempt but since the respondent had been given a jury trial, it was unnecessary to decide the question.[5]

Crook v. Schumann, 292 Ky. 750, 167 S.W.2d 836, involved *civil* contempt. It was held the statute under consideration did not prevent the court from imposing penalties other than a fine or imprisonment for contemptuous disobedience of its order. This apparently involved a construction of the statute, although the opinion expresses doubt that the legislature could constitutionally restrict the power of the court to enforce its orders.

Teamsters Local U. No. 783 v. Coca-Cola Bottling Co., Ky., 418 S.W.2d 228, was likewise a case of *civil* contempt. Therein it was held that, assuming the statute was a constitutionally valid limitation on the power of a circuit court,

---

5. There is a very serious question concerning the right of the legislature to require a jury trial in cases where neither the Kentucky nor United States Constitution preserves such right. See cases cited in 121 A.L.R. 215, beginning on page 241.

it was not violated by the imposition of several $30 fines against a person whose acts had constituted a series of violations of a temporary injunction. Again in that opinion was the constitutionality of KRS 432.260(1) questioned.

If we construe this statute as relating only to *criminal* contempts, which was the apparent intention of the legislature, it is again unnecessary, as in the foregoing cases, to determine whether the legislature could, within constitutional bounds, regulate or limit the inherent and necessary power of a court to coerce compliance with its orders by imposing punishment or invoking other measures. This course we are inclined to take. In the very recent case of Bloom v. State of Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522, the United States Supreme Court, in declaring the right of jury trial for serious *criminal* contempts, was careful to recognize that *civil* contempts were in a different category. We are of the opinion that this distinction solves many of the problems with which we have been confronted in this case, and we hold that KRS 432.260(1) does not apply to proceedings imposing punishment for *civil* contempts.

We recognize that many contempts to a certain extent involve both civil and criminal aspects. See 17 Am.Jur.2d, Contempt, section 4 (page 7); Hall v. Hall, 246 Ky. 12, 54 S.W.2d 391; Tucker v. Commonwealth, 299 Ky. 820, 187 S.W.2d 291; Mitchell v. Dexter, 1 Cir., 244 F. 926. However, the case of Bloom v. State of Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522, furnishes a guide in determining the nature of the public offense for which a person may be punished in contempt proceedings as for the commission of a crime. See also Shillitani

v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622, and Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629.

We think it well to recapitulate the conclusions we have reached in this case: (1) KRS 21.060(1)(c), denying the right of appeal from judgments punishing contempts, applies only to *criminal* contempts and does not apply to *civil* contempts; (2) a judgment imposing a fine for *civil* contempt may be superseded and the enforcement of the judgment stayed under the provisions of CR 62.03(1) and 73.04; (3) KRS 432.270, denying the right to bail of a person committed to prison for contempt, relates only to *criminal* contempt; (4) KRS 432.260(1), which limits punishment for contempt, without the intervention of a jury, to a fine of $30 and imprisonment for 30 hours, applies only to *criminal* contempts. To the extent Jones v. Commonwealth, 308 Ky. 233, 213 S.W.2d 983, holds to the contrary, it is overruled.

■ The violations of the injunctions in the present case could not be characterized as "crimes" and we are presented with a typical case of *civil* contempt. The petition for relief by way of prohibition is based solely on the ground that the respondent judge exceeded his jurisdiction when he imposed a fine without the intervention of a jury in excess of the $30 fine prescribed by KRS 432.-260(1). Since we have concluded that statute does not apply to civil contempt proceedings, the petition presents no meritorious ground for relief.

The petition for a writ of prohibition is denied.

All concur.