**William A. MILLER, Petitioner,**

v.

**Honorable Raymond C. STEPHENSON, Judge, Jefferson Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Dec. 17, 1971.

William A. Miller, pro se.

George S. Schuhmann, Louisville, for appellee.

PER CURIAM.

In this original action William A. Miller, a regularly licensed attorney of Louisville, seeks an order of prohibition against Honorable Raymond C. Stephenson, Judge of Jefferson Circuit Court, Common Pleas Branch, Fifth Division, prohibiting Judge Stephenson from enforcing an order imposing a fine of $50 upon Miller for contempt of court. KRS 432.260(1) forbids a contempt fine in excess of $30 without the intervention of a jury.

The somewhat unusual circumstances giving rise to the incident deemed contemptuous by Judge Stephenson are as follows: A civil action arising out of an automobile accident in which claims for property damage, medical expense, and personal injury were asserted came on for trial in the Common Pleas Branch, Fifth Division of the Jefferson Circuit Court, presided over by Judge Stephenson. The plaintiffs in that action were represented by Honorable Dennis M. O'Connor, and the defendant was represented by the petitioner, Honorable William A. Miller. Both sides announced ready for trial, a jury was selected, and the trial proceeded with the introduction of evidence including the testimony of the two plaintiffs, Mary O. Faesenmeier and Leroy W. Faesenmeier. Mrs. Faesenmeier testified concerning the facts of the accident and to property damage in the amount of $141.66 and related that she noticed numbness in her fingers and left hand on the day after the accident. She also spoke of a headache and pain in her neck. In her testimony Mrs. Faesenmeier said that she had consulted Dr. Keath Hammon but had not related to him a history of the accident when she first visited him. She explained, however, that some five days later she consulted the doctor again and did tell him about the accident and that he prescribed some traction treatment which she administered to herself at home.

Judge Stephenson inquired of Mr. O'Connor, counsel for the plaintiffs, whether he planned to have the doctor testify in person or offer a deposition of the doctor and was informed that the doctor would not be called as a witness, nor had any deposition been taken. Thereupon the judge recessed the hearing and called counsel into chambers and rebuked Mr. O'Connor for failure to properly represent his client in that he should have requested a continuance to obtain medical testimony. The judge held Mr. O'Connor in contempt of court and levied a fine of $50 upon him. Then the proceedings were resumed before the jury at which point the judge informed the jury that he was declaring a mistrial on account of the failure of the plaintiffs' lawyer to properly present the full evidence to the court and jury. The trial judge, the opposing counsel, and the court

reporter then went into the court's chambers where the following events occurred, according to the transcript in the record before this court.

"MR. MILLER: I would like to make some motions, Judge. The defendant objects to the discharge of the Jury for the reason that he was prepared for trial today, incurred costs and expenses and moves the Court to assess the damages, or the costs against the plaintiff, including the reasonable attorney's fee and moves the Court in the event of a retrial to reallot the case to another division.

THE COURT: What is the basis for that?

MR. MILLER: Your Honor . . . .

THE COURT: (Interrupting) I will make this two contempts in about two minutes.

MR. MILLER: No, my basis . . . .

THE COURT: (Interrupting) I asked for a basis of it.

MR. MILLER: My basis, if Your Honor, please, is that Your Honor has not felt that this case has been properly represented from the Plaintiffs' standpoint and it seems that Your Honor has, therefore, come to a conclusion that Your Honor has heard the evidence in this case.

MR. O'CONNOR: He hasn't heard it all.

THE COURT: Another thing, you are an experienced trial lawyer. This is the second time this man has ever been in Court and he has said he was trying this case because you wanted to get rid of it and you knew he wasn't ready for trial.

MR. MILLER: As a matter of fact, I made a motion to take Dr. Hammon's deposition and I appeared and Mr. Jones did not appear and I waited a hour and half, and I had to pay the reporter.

THE COURT: Why didn't you take it?

MR. MILLER: Because he would not give his deposition without Mr. Jones being present.

MR. O'CONNOR: This is the last time I am taking one of Mr. Jones' cases.

THE COURT: I am fining both of you $50.00.

MR. O'CONNOR: Tell me what you do here, will you give us time to go get the money?

THE COURT: I will give you to Tuesday morning.

MR. MILLER: May I ask, Your Honor, why I am in contempt?

THE COURT: Just what I said just now. You knew he wasn't ready and he has stated that the only reason he tried was because you wanted to get rid of it.

MR. MILLER: It was tried because it was assigned and I was ready and your

. . . .

THE COURT: (Interrupting) That is an order of the Court."

In an affidavit filed in this court Mr. Miller deposed that he had thought that Mr. O'Connor planned to call Dr. Hammon as a witness and adverted to that fact in his opening statement to the jury. He denied that he had sought to lure Mr. O'Connor into trial, knowing him to be an inexperienced practitioner and unprepared. Mr. O'Connor has filed an affidavit in this court in which he explains that he did not deem it appropriate to present the evidence of Dr. Hammon heard by deposition or through personal appearance of the doctor. In his affidavit Mr. O'Connor points out that his client had not consulted the doctor for approximately ten to twelve months before the trial and that only the sum of $300 was involved in the claims for property damage and medical expense. Mr. O'Connor stated that he felt the expense of

obtaining the deposition or personal appearance of the doctor would not be warranted or in the best interests of his clients and added that when and if the action is tried he will not present the evidence of the doctor by deposition or otherwise.

In his response Judge Stephenson has stated in part:

"The basis upon which this Respondent imposed a contempt ruling on the Petitioner, during the subsequent session in chambers * * * was that by his manner and behavior, petitioner displayed a clear and pronounced disregard of his duty as an officer of the court to act in a fair and candid manner with a view toward reaching a just result; instead, petitioner acted *merely* for the interest of his client and disregarded the higher objective of reaching a result which would be fair to the parties involved. And, as a consequence of this entire pattern of behavior, this affiant found the defendant's attorney, William A. Miller, in contempt and ordered that a fine of $50.00 be paid by him."

 The respondent contends that the order of prohibition should be denied for the following reasons:

"(1) The drastic and extraordinary remedy of prohibition is not an appropriate method for review of this minor contempt citation because the imposition of a $50.00 fine is not such a great and irreparable injury as is requisite for this form of relief; and

(2) In the absence of a clear showing of an abuse, judges on the Circuit Court level should be allowed reasonable leeway to administer the *conduct* of their court as they, under all the circumstances and in accordance with the established rules and customs of practice, deem proper; and

(3) The limitations imposed by KRS 432.260(1) are an unconstitutional limitation of the inherent and necessary power of a court to attain the ends of their creation and existence."

It is clear that the alleged contempt is not a civil contempt. See Jones v. Commonwealth, 308 Ky. 233, 213 S.W.2d 983. If the conduct could be considered contemptuous, it could only be regarded as criminal contempt. KRS 432.260(1) directs:

"A court shall not impose a fine of more than thirty dollars or imprison for more than thirty hours for contempt without the intervention of a jury."

Whether the quoted section is constitutional may well be doubted, although this court has not expressly held it to be unconstitutional. See, however, Teamsters Local Union 783 v. Coca Cola Bottling Company, Ky., 418 S.W.2d 228; Levisa Stone Corporation v. Hays, Ky., 429 S.W.2d 413; and Arnett v. Meade, Ky., 462 S.W.2d 940. KRS 21.060(1) (c) forbids an appeal from judgments punishing contempts. This court has construed that provision as relating to criminal contempt, not civil contempt, as appears in the cases just cited. In many cases this court has entertained original proceedings to prohibit punishment for alleged criminal contempt. See Lewis v. Rice, Ky., 261 S.W.2d 804; Marshall v. Hancock, 300 Ky. 295, 188 S.W.2d 477.

The court does not deem it necessary in this proceeding to pass upon the constitutionality of KRS 432.260(1) as the court is of the view that the respondent was in error in adjudging the petitioner guilty of contempt in the circumstances of this case. The court is unpersuaded that the relief sought should be denied on the basis that a fine of $50 fails to qualify as "irreparable injury." As noted in Levisa Stone Corporation v. Hays, Ky., 429 S.W.2d 413:

" * * * contempt proceedings are in a class by themselves and the many problems presented arise from attempts to apply ordinary rules of practice and procedure. Such proceedings, involving unique aspects, are in a special category

and we shall so treat them." Id. 429 S. W.2d at page 415.

The impact upon the professional standing of a lawyer created by a citation for contempt of court is not limited by the monetary amount of the fine imposed. The court is of the view that the petition states facts and circumstances entitling the petitioner to the extraordinary remedy sought.

It is ordered that the respondent, Raymond C. Stephenson, Judge of Jefferson Circuit Court, Common Pleas Branch, be, and he is hereby prohibited from enforcing the order fining William A. Miller $50 for contempt of court, entered November 4, 1971, in the action styled Mary O. Faesenmeier et al. v. Joseph A. Kiesler, designated as Action No. 140157.

All concur.